## BRADSTREET *a.* BAILEY.

*Supreme Court, First District; Special Term, February,* 1857.

### BOOKS AND PAPERS.—ORDER FOR DISCOVERY.

It is a sufficient reason for denying a petition for the discovery of books and papers, that the party against whom the order is made, denies under oath that the books or papers sought are in his possession or under his control.

What form of denial is sufficient in this respect.

Petition for the discovery of papers.

PEABODY, J.—This is a petition by defendant for discovery of a charter party on which this action is brought. The plaintiff's answer is, that to the best of his knowledge and belief it was delivered to defendant; and positively, that it is not in his possession or under his control, and has not been since a prior motion to this effect was made which was denied.

*Ex necessitate*, this must be a sufficient reason for refusing the order. The petition and answer are each respectively evidence for the purposes of the motion, and unless this evidence of the responsive affidavit is controverted, it must be taken to be true. This statement is not denied by any thing in the petition, and if it were, without other evidence, perhaps the answer would have to control. On the whole, the evidence presented on the motion, *pro* and *con*, shows that the paper is not in the possession or under the control of plaintiff.

It is urged on behalf of the motion, that there is a suspicious improbability in the denial by plaintiff of the possession or control of the paper on which he brings his suit; and it is further urged that the verification of the complaint by the attorney, in which he states that his information is derived partly from the inspection of the charter party, is inconsistent with the answer of plaintiff to the petition, or at least throws doubt on the truth of his denial. This may all be. They do to some extent cast suspicion; but to authorize the order asked, they must do more than suggest doubts or awaken the probability of the truth of the denials—they must disprove them. The petitioner is the moving party. The burden is on him of proving the ability of the plaintiff to discover or show to him the papers. He has relied on the general presumption (reasonable and proper) that the plaintiff has the paper on which he brings his action, and which moreover belongs to him. His evidence on this point was sufficient *prima facie*, and the plaintiff was put to a denial and disproof of it as his defence to the motion. This attitude he has assumed, and met the defendant on the issue of his power to make the discovery asked. He *must* know; and he testifies therefore with *actual knowledge*. The weight of evidence, instead of being on the part of the moving party, is against him. If the paper be, as is suggested, in the hands of some other party who is his agent for the purposes of this suit, still, as he denies that it is under his control, that party must hold it not

as his agent, or at any rate he must resist plaintiff's control over him. I am bound to presume that such is the case, for otherwise his affidavit would be untrue. In that case, some other mode of access must be resorted to. That party can be treated as a witness and compelled to produce the paper; and to some such proceeding against him the defendant must have recourse.

The prayer of the petition must be denied.

---

## PATTEN *a.* THE ACCESSORY TRANSIT COMPANY.

*Supreme Court, First District; General Term, March,* 1857.

APPOINTMENT OF RECEIVER.—INSOLVENT CORPORATION.—RIGHTS OF MORTGAGEE.

To appoint a receiver of chattel property held by a mortgagee in possession, except in case of necessity to secure the rights of other parties, is to impair the obligations of the contract between such mortgagee and the mortgagor, and so is beyond the constitutional powers both of the court and of the legislature.

The appointment of a receiver involves, in effect, an injunction; and is, therefore, to be directed with great caution, and only in cases of pressing and apparent necessity.

Appeal from an order of the special term, appointing a receiver.

The proceedings before the special term are reported *Ante,* 139, where the facts are fully stated.

BY THE COURT.*—ROOSEVELT, J.—The order appealed from directed, among other things, that "Edward P. Cowles, Esq., counsellor-at-law, upon filing an undertaking in the usual form, in the sum of $400,000, with approved sureties, be appointed receiver," and that as such he "receive *and take possession of* the four steamships, named respectively the Northern Light, Star of the West, Daniel Webster, and Prometheus, and hold the same subject to the further order of this court;" and that the parties to the action having possession of the vessels "do forthwith deliver up such possession to the receiver on demand."

---

* Present, Mitchell, Roosevelt, and Davies, JJ.