AMMIDON *et al. v.* CENTURY RUBBER CO. *et al.*

*(Superior Court of New York City, General Term.   June 1, 1891.)*

BILL OF PARTICULARS—MATTERS NOT WITHIN KNOWLEDGE OF PARTY.

In an action to recover goods sold by plaintiffs to C. & L., and by them manufactured into garments, and transferred to defendant, the answer alleged that defend-

ant had made advances to C. & L. on the goods without notice of plaintiffs' claim. In response to plaintiffs' demand, defendant served a bill showing the goods consigned to it (defendant) by C. & L., and the amounts of the advances made to C. & L., and the dates of each, with the statement that "the consignments of merchandise above referred to were all made within the period of the four months above stated, but from the large quantity of such consignments, and from the altered character of the goods in their manufactured state, it is wholly impossible for defendants to particularize upon what precise day during the said period any precise portion of the plaintiffs' alleged goods were received by the defendant." Defendant's book-keeper made affidavit that from an examination of the books he was "unable to furnish any particulars in the matter further than those already submitted." *Held*, that it was error to require defendant to furnish a further bill of particulars showing the date of and amount advanced on each consignment, and in default thereof to strike out the answer.

Appeal from special term.

Replevin by Edward H. Ammidon and others against the Century Rubber Company and others to recover the possession of certain goods of the value of about $7,000, which were sold by the plaintiffs and delivered by them to the defendants Carpenter & Lockwood, upon the faith of certain representations as to their financial standing and condition, which turned out to be fraudulent. Part of the goods have been made up into 832 water-proof garments, identified in the complaint by certain numbers. The plaintiffs allege that the Century Rubber Company, a domestic corporation, which is joined as a co-defendant, was the sole agent of the defendant Carpenter, and as such obtained from him the possession of the property, and thereafter refused to deliver it up to the plaintiff, after demand made therefor, and after the plaintiffs had elected to rescind for the fraud, and their title by such rescission had become known to all of the defendants. The answer of the Century Rubber Company is substantially a denial of the material allegations of the complaint, and an affirmative plea in defense that the goods formed a portion of divers consignments made by Carpenter & Lockwood to the rubber company, upon which it had made advances, and that on account of such advances there is now due $2,452.65, and that the rubber company acquired a special property in the goods, with the right to retain them until the said sum was fully paid to it. The contention of the rubber company is that, whether Carpenter & Lockwood were *bona fide* or fraudulent vendees of the goods, it, by advances made in good faith and without knowledge of any wrong-doing on the part of the vendees, acquired a valid lien upon the goods, with the right to retain them until they are reimbursed therefor. The plaintiffs, by way of reply, deny every allegation of the answer respecting the advances or lien. The plaintiffs demanded a bill of particulars of the alleged advances, in response to which the Century Rubber Company served the following:

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 93 Peasant garments, | - | - | - | - | - | - | $ | 279 | 00 |
| 127 " " | | - | - | - | - | - | | 254 | 00 |
| 54 " " | - | - | - | - | - | - | | 310 | 50 |
| 113 Clermont " | - | - | - | - | - | - | | 254 | 25 |
| 54 " " | - | - | - | - | - | - | | 175 | 50 |
| 99 " " | - | - | - | - | - | - | | 643 | 50 |
| 75 Edinboro " | - | - | - | - | - | - | | 168 | 75 |
| 8 " " | - | - | - | - | - | - | | 26 | 00 |
| 124 Peasant shirred garments, | - | - | - | - | - | | 248 | 00 |
| 10 " " " | - | - | - | - | - | | 57 | 50 |
| 65 Garments, | - | - | - | - | - | - | | 767 | 00 |
| 3 " | - | - | - | - | - | - | | 6 | 75 |
| 7 " | - | - | - | - | - | - | | 22 | 75 |

$3,213 50

The plaintiff thereupon moved for a further bill, and Judge FREEDMAN directed that the rubber company serve a bill of particulars, showing the date

of each and every consignment to said company of the goods in suit, or any of them, the sum and sums advanced upon each consignment, and the date or dates of each, and every advance upon the goods contained in such consignment.   As a compliance with this order the rubber company served a further bill of particulars as follows: "During the months of November and December, 1889, and January and February, 1890, the firm of C. C. Carpenter consigned to the defendant the Century Rubber Company a large quantity of manufactured garments, composed in part of the material which is the subject-matter of the plaintiffs' claim.   The merchandise so consigned consisted of the following: Nov. 1st, 273 rubber garments."   Then follow 81 similar items, with dates and particulars as above.   Then comes this statement: "Upon this merchandise the defendant the Century Rubber Company advanced to the said firm of C. C. Carpenter the following sums upon the following dates, respectively: 1889, Nov. 2d, to cash, $1,500."   Then follow 65 similar items, with dates and particulars as above.   Then comes this statement: "The consignments of merchandise above referred to were all made within the period of the four months above stated, but from the large quantity of such consignments and from the altered character of the goods in their manufactured state it is wholly impossible for the defendant to particularize upon what precise day during the said period any precise portion of the plaintiffs' alleged goods was received by the defendant, but it was all received within the period above mentioned, and all forms a part of the above-mentioned enumeration of manufactured garments."   The plaintiff, not having received an account of the sums advanced on each particular consignment, with the date of such consignment and the specific advance thereon, moved for a further bill giving this particular information.   In opposition to the motion the defendant relied on the facts stated in the following affidavit: "Sigmund Bendit, being duly sworn, says that he is the secretary and treasurer of the Century Rubber Company, the defendant herein; that, in addition to the two bills of particulars already prepared by him, he is utterly unable to furnish any particulars in the matter further than those already submitted; that he has made a thorough examination of his books but is not able therefrom to add anything to what the bills of particulars already served contain."   Venue and jurat.   Notwithstanding this affidavit, Judge DUGRO required the defendant to furnish the required account within 10 days, or, in default thereof, that the answer of the rubber company be stricken out.   The rubber company appeals from the order so made.

   Argued before SEDGWICK, C. J., and FREEDMAN and MCADAM, JJ.

   *Horwitz & Hershfield,* for appellants.   *A. H. Ammidon,* for respondents.

   MCADAM, J.   The plaintiffs are evidently proceeding upon the theory that the goods, though fraudulently purchased by Carpenter & Lockwood, cannot be taken from the rubber company if it in good faith made advances on the security thereof.   They claim, however, that goods cannot be held for advances generally or a precedent debt, and their object in insisting upon the last bill ordered is to enable them to determine whether the lien asserted is for a precedent debt, advances generally, or for specific advances on particular consignments.   This could be decided if the rubber company specified separately each consignment with the special advance made thereon.   This course would also enable the court to see at a glance the precise question to be determined.   Courts are liberal in requiring bills of particulars as a sort of curative aid in the administration of justice by preventing surprise and giving each party a reasonable opportunity to produce his proofs and to meet and sift those of his adversary.   *Dwight* v. *Germania Co.,* 84 N. Y. 493; *Tilton* v. *Beecher,* 59 N. Y. 176; *People* v. *Tweed,* 63 N. Y. 194.   The inconvenience of furnishing the information is no answer to the application.   Inability to furnish it may form a complete answer.   2 Amer. & Eng. Enc.

Law, 247; *Chandler* v. *Stevens*, 2 Month. Law Bul. 5. To this phase of the question we must give our attention. The plaintiffs are seeking information concerning transactions between the rubber company on the one hand and Carpenter & Lockwood on the other. It is fair to assume that, while those transactions continued, the rubber company had no anticipation that the information now sought would be required; that they kept their accounts in a general way, crediting each consignment as it came in, and charging Carpenter & Lockwood with the advances as they were from time to time made. Ordinarily, that system of book-keeping would suffice. The rubber company kept on making advances as goods came in, taking care at all times that the security exceeded the sums advanced. This system would not require a separate entry for each consignment, nor an entry of a specific advance thereon. The rubber company, by the affidavit of its treasurer, proves this in effect when he swears that "he is utterly unable to furnish any particulars in the matter further than he has already furnished; that he has made a thorough examination of his books, but he is not able to add anything to what the bills of particulars already served contain." If the rubber company cannot give a more particularized bill than it has already given, it is certainly not in furtherance of justice to strike out its defense, and refuse it a hearing when the action is called for trial. The law never requires a party to do an impossible thing under the penalty of being denied a hearing in defense of its right to liberty or property. *Lex non cogit ad impossibilia.* In *Wigand* v. *Dejonge*, 18 Hun, 405, the court held that, "if it appears that the parties from whom further particulars are asked are not in a situation to answer the demand, and do not possess the facts, then, indeed, is presented a plain case for a refusal of the order." This is as it should be. See Broom, Leg. Max. 242. Suppose a merchant loses his books by fire, larceny, or other cause; is he to be denied his day in court because he cannot particularize his account? Certainly not. Nor is he to be so deprived because his system of book-keeping does not enable him to divide up his accounts to suit contingencies he never expected to meet. An illiterate man, who keeps accounts according to a method of his own, is not to be deprived of justice because his system does not enable him to give an account with the accuracy or particularity a skilled book-keeper might have given if he had had charge of the business. In all these cases the explanation is to go to the jury, and in the light of their best judgment they are to determine the facts with reference to their inherent probability or improbability, in view of the situation of the party, his systems and methods. The rubber company proves that it cannot give the additional information required, and there is no evidence to the contrary. Under such circumstances, a proper case was presented for denying the plaintiffs' application. To sustain the order appealed from means that the defendants' answer is to be stricken out, and that it must lose its advances, amounting to $2,452.65, simply because it did not keep books or accounts to meet a contingency it was under no obligation to expect. It will not do to say that, if the defendant cannot give the information now, it cannot furnish it on the trial, and that it might as well be defeated now as then. The rubber company may be able to prove by Carpenter & Lockwood, or by their books or book-keeper, all that is necessary to prove in defense. The law gives it the privilege of compelling Carpenter & Lockwood, and their book-keeper to appear, and of requiring them to produce their books in aid of the rubber company's defense. We cannot hold in advance how far this evidence may go, or what it will prove. These things should be ascertained at the trial, which is a constitutional right, and not upon mere motion, in advance of it. The defendant may have no means of securing this information or evidence except at the trial, and he is not to be deprived of the opportunity of obtaining it. Bills of particulars may be ordered to aid the administration of justice, but never where the direction may tend to defeat, jeopardize, or impair it. A bill of

particulars is not matter of right, is a mere creature of the court, and is no part of the record.    *Blunt* v. *Cooke,* 4 Man. & G. 458.    The court must exercise a wise discretion in granting or withholding it.    This appeal is a continuation of the motion in the same court, and we are called upon to adopt the discretion of the special term judge, or to reject it and substitute our own.    In the analogous proceeding to compel the adverse party to exhibit a document or serve a copy it is a complete answer to the motion that the party is unable to do either.    *Bradstreet* v. *Bailey,* 4 Abb. Pr. 233; *Ahoyke* v. *Wolcott,* Id. 41; *Hoyt* v. *Bank,* 8 How. Pr. 89, 1 Duer, 652; *Woods* v. *De Figaniere,* 25 How. Pr. 522, 1 Rob. (N. Y.) 681, 16 Abb. Pr. 1; *Douglas* v. *Delano,* 20 Wkly. Dig. 85.    A bill of particulars is a mere amplification of the pleadings, intended to furnish facts, not evidence.    If the pleading is sufficient on its face to entitle the party to a trial, he cannot be deprived of it simply because he does not particularize the facts to suit the pleasure of his adversary, if the refusal to do so be not capricious, but real, resulting from positive inability, and not from contumacy.    It will not do to say that the defendant ought to have prepared itself for the present condition of things. The more appropriate question to ask is whether it is prepared for the emergency.    The court must act on things as they are, and not as they ought to be, or as the plaintiffs would like to have them.    For these reasons, and on the ground of the inability of the defendant to give the information required, the order appealed from must be reversed, and the application for a further bill of particulars denied, with costs to the appellants to abide the event.

All concur.