The case of Ferris *a.* Ferris (16 *How. Pr. R.*, 102) is decisive of this question.

It is not necessary to refer to the other facts contained in the affidavits, as the view which I have taken of the answer is conclusive against the legal force of the whole defence.

## HICKS *a.* CHARLICK.

*Supreme Court, First District; Special Term, February*, 1860.

### DISCOVERY AND INSPECTION.—DENIAL OF POSSESSION.

An affidavit to resist a motion that books and papers be deposited for inspection, on the ground that the affiant has not possession of them, is not sufficient if it is evasive in not showing how he parted with possession.

Order to show cause why plaintiff should not have discovery and inspection of certain documents.

On petition of the plaintiff and accompanying affidavit, stating that a certain agreement made between plaintiff and others and defendant Charlick, on or about the 22d of July, 1853, with a power of attorney annexed, was delivered to the defendant on the understanding that he should furnish a copy thereof to plaintiff, which he had not furnished ; that a certain ferry-lease and assignment thereof made by the plaintiff pursuant to the agreement, were, on or about the 22d of August, 1853, delivered to the defendant; and that it was necessary that the papers be deposited, and that plaintiff's attorneys be permitted to examine them, an order was made requiring the defendant Charlick to discover and deposit those papers with the Clerk of the Court for the term of five days, or to show cause why the order should not be made absolute. The defendant now showed as cause, by his own affidavit, that he " has made diligent search therefor, and has been unable to find any such papers or documents, and

that the same are not now in his possession or under his control, and thus deponent is unable, from any knowledge he has, to produce the papers in Court referred to in said petition and affidavits," and thereupon asked that the order be discharged.

BONNEY, J.—This application for discovery is made under 2 Revised Statutes, 199, section 21, &c. The third subdivision of section 24 provides that such an order may be vacated, " upon the party required to make the discovery denying, on oath, the possession or control of the books, papers, or documents ordered to be produced."

The defendant admits (by not denying) the statements in plaintiff's petition, that the papers in question were delivered to him in July and August, 1853. He does not state that he has ever parted with the possession of the papers, or has destroyed, lost, or mislaid them. His statement is, that he has made diligent search therefor (without stating when or where he made such search), and has been unable to find any such papers or documents ; and that the same are not now in his possession, &c., and that he is unable, from any knowledge he now has, to produce them. The affidavit appears to me to have been drawn with much caution and carefully qualified, and to be evasive. Let an absolute order, drawn in conformity with the rules of the court, now be entered, to be settled on not less than two days' notice.

DISCOVERY AND INSPECTION.—BOOKS, &c., OF A CORPORATION.