JOHN PERROW, RESPONDENT, v. DAVID A. LINDSAY, APPELLANT.

*Inspection and copy of an agreement — general denial of its possession, when not an answer to an application therefor.*

Where a written agreement, entered into between the parties to an action, to recover damages for the breach of which the action is brought, was prepared by the defendant, and retained by him after its execution, it is not a sufficient answer to an application by the plaintiff, for the purpose of preparing his complaint, for an inspection and copy thereof, that the agreement is not in defendant's custody and control, and that it was not in his custody and control at the time of the commencement of the action.

Where a paper is shown to have been, when last seen, in the possession of the defendant, it devolves upon him to show what he did with it, what has become of it, or how it got out of his possession, and that it is no longer under his control.

APPEAL by the defendant from an order made at a Special Term of the Supreme Court, entered in the office of the clerk of the county of New York on June 17, 1888, granting an application made by the plaintiff for the inspection of an agreement and conferring authority to take a copy thereof.

*Franklin Bein*, for the appellant.

*A. R. Dyett*, for the respondent.

VAN BRUNT, P. J. :

The petition of the plaintiff shows that this action was commenced by the service of a summons, and the defendant has appeared ; that the complaint in the action has not been prepared, and that in order to do so, the plaintiff should have an inspection and copy of a written agreement entered into between the parties to this action to recover damages for the breach of which this action is brought. It further alleges that the agreement was prepared by defendant, and executed by him and the plaintiff at the plaintiff's place of business; that plaintiff asked defendant for a copy of the agreement to be similarly executed, and defendant answered that he intended to copy the agreement into a book, and that when it was so copied he would, on the following Monday, give the plaintiff a copy thereof; that

defendant never did deliver said agreement, or a copy of it; that prior to the commencement of the action petitioner sent to the defendant for a copy of the agreement, and the defendant has never sent any answer thereto ; that the petitioner never had a copy of the agreement, and that an inspection and copy therof is necessary to enable him to prepare his complaint ; that the petitioner cannot recollect all the language of the agreement; and he annexes what he believes to be the substance thereof ; and alleges that he may be mistaken in the language as given in the copy annexed; that after the agreement was executed the plaintiff was ready and willing to perform the same and all the conditions thereof, but the defendant repudiated said agreement and refused to perform the same, in whole or in part, and that this action is brought to recover four months' salary, at the rate of $250 a month, which the petitioner was entitled to receiver under said agreement.

The answer to the petitioner was that the agreement was not in defendant's custody and control, and that it was not in his custody or control at the time of the commencement of this action. An order was made for a discovery of the agreement, and from such order this appeal is taken.

The ground of appeal is that the defendant has denied having the agreement in his custody or control, and, further, that no inspection is necessary because the plaintiff can declare sufficiently well without having an inspection of the agreement. It is plain that if a simple answer to an application of this description, that the defendant has not the paper set forth in his custody or control, is to prevail in every case, the provisions for a discovery in the Code may as well be repealed because they would not be of the slightest use under any circumstances. The petition in this case shows the agreement in the possession of the defendant and a promise on his part to give the plaintiff a copy, which has not been kept; and if, in anticipation of an action upon the agreement, the defendant can put it out of his possession and resist a claim for discovery, then it is time that there was an amendment of the provisions of the Code. We think, however, that is not at all necessary, as the defendant must satisfy the court that the paper is not in his possession, nor under his control; and where a paper is last shown in the possession of the defendant he has to show what he has done with it; what has

become of it; or that it has gotten out of his possession, and is no longer under his control. The claim that the plaintiff can declare without an inspection of the instrument is not well taken. The plaintiff may recollect the general tenor of the instrument, but its language or its terms may vary and he is not required to declare, upon a written instrument, which is as much his property as it is the property of the defendant, without having an opportunity to see the precise terms and wording of the instrument declared upon.

The order should be affirmed, with ten dollars costs and disbursements.

Bartlett, J., concurred.

Order affirmed, with ten dollars costs and disbursements.