In the Matter of the HOLLY MANUFACTURING COMPANY, Respondent, *v.* CLARENCE H. VENNER, Appellant, Impleaded, etc.

*Subpœna duces tecum — objection to the service thereof — punishment for contempt — amount of fine — sufficient excuse.*

Where upon the return of a subpœna there was no objection taken to it on the ground that it had been improperly served, and the court adjudged that it was duly served, it is incumbent upon the appellant to show that there was some foundation for his objection, that the subpœna was not proved to have been properly served, where it does not appear from the record that the proper witness fees were not paid.

Where a *subpœna duces tecum* is issued by a judge, a failure to produce books pursuant thereto, is punishable as a contempt.

A court is not authorized to convict of contempt, and to impose punishment therefor, unless it adjudges that the offense was calculated to or that it actually did defeat, impede, impair or prejudice the rights and remedies of a party to a special proceeding, but it is unnecessary that there should be any adjudication establishing actual loss and injury.

Where actual loss has been occasioned by a contempt, and is established to an extent beyond the amount of the fine authorized to be imposed by section 2284 of the Code of Civil Procedure, the court is authorized to impose a larger fine. Where there is no proof of actual loss or injury a fine of $250 may be imposed.

The facts considered and commented upon which authorize a court to disbelieve the excuse of a judgment debtor for his failure to produce books on supplementary proceedings as directed by a *subpœna duces tecum* on the ground that they had mysteriously disappeared.

An excuse for the failure to produce books in obedience to a *subpœna duces tecum* on the ground that they had mysteriously disappeared is sufficient, if true.

Appeal by the judgment debtor, Clarence H. Venner, from an order of the Supreme Court, made at the New York Special Term on the 27th day of September, 1893, and entered in the office of the clerk of the city and county of New York, adjudging him guilty of contempt in failing to produce certain books pursuant to a *subpœna duces tecum.*

*S. B. Clark,* for the appellant.

*D. McClure,* for the respondent.

Van Brunt, P. J.:

The appellant, being under examination in supplementary proceedings, was subpœnaed to produce certain individual and firm books which had been under his control. He, having failed to produce these books, gave as an excuse that he was unable to find them, they having mysteriously disappeared. The court, disbelieving this excuse, found the appellant guilty of contempt, and that his misconduct in not producing the books was calculated to and actually did defeat, impair, impede and prejudice the rights and remedies of the plaintiff, and imposed as a fine for his misconduct by way of punishment the sum of $250, with ten dollars costs of motion, and committed the appellant to the county jail, to be there detained until he should produce the books and pay the fine. From this order this appeal is taken.

The grounds upon which this appeal is urged are : *First,* that the appellant's excuse for not producing the books was, if true, manifestly sufficient ; *second,* that there was no reason for doubting the excuse ; *third,* that the fine of $250 was unauthorized ; and *fourth,* that the court had no power to punish for the failure to produce

books pursuant to a *subpœna duces tecum*, and, *fifth*, that the subpœna was not proved to have been properly served.

In respect to the last point it may be said that no such objection seems to have been taken upon the return of the subpœna, and the court having adjudged that the subpœna was duly served, it is incumbent upon the appellant to show that there was some foundation for the objection, as it does not appear from the record but that the proper witness fees had been paid. It appears upon the face of the record that this subpœna was served in the court house, and there is no proof but that sufficient fees were paid in order to make it a compliance with the law, even if such a question can now be raised.

As to the power of the Special Term to punish for the failure to produce books pursuant to a subpœna, it is claimed that in all cases where a party has been punished for contempt in such proceedings, it has been because of disobedience to an order or oral direction of a judge or referee, and that the case of a *subpœna duces tecum* is not provided for. The subpœna in this case was issued by the judge himself, before whom the proceeding was then pending, and seems to have all the dignity, certainly, of an oral direction and also of a written order. It was a direction of the judge, before whom the proceeding was then pending, to produce the books.

The next point is that the fine of $250 was unauthorized, because such a fine can be imposed only where it is not shown that an actual loss or injury has been produced, whereas in this case it is adjudged that the appellant's misconduct actually did defeat the rights and remedies of the judgment creditor, and that this is a finding that there was actual loss and injury, and this being so, the only course open to the court was to proceed to assess the damages and lay an indemnity fine equivalent thereto. If the point is well taken under any circumstances, then under no circumstance, unless actual loss and injury is proved, can a fine ever be imposed, notwithstanding the provisions of section 2284, where it says: "Where it is not shown that such an actual loss or injury has been produced, a fine must be imposed not exceeding the amount of the complainant's costs and expenses and $250 in addition thereto." The court is not authorized to convict of contempt and to impose any punishment unless it adjudges that the offense was calculated to, or that it actu-

ally did, defeat, impede, impair or prejudice the rights or remedies of the party to a special proceeding. (§ 2281.) That is to be determined in every case before any punishment whatever can be inflicted; and it is idle to suppose that it was intended that there should be an adjudication establishing actual loss and injury. The mere reading of section 2281 shows that the adjudication covers every case. But there may be cases where actual loss has been produced, and is established to an extent far beyond the amount of the fine authorized to be imposed by the latter part of section 2284; and it is in those cases that the court is authorized to impose a larger fine. But where there is no proof of actual loss and injury, although the court has found that the misconduct was calculated to, or did, defeat, impede, impair or prejudice the rights or remedies of the party, a fine of $250 may be imposed.

We come now to the question as to the sufficiency of the excuse offered by this appellant. It certainly is one of the most remarkable ever offered to a court of justice; and that the learned judge below disbelieved the whole story is not surprising.

We find that this appellant had been keeping books as a member of a firm, and also individually; that some time prior to the initiation of this proceeding, because he had no safe in which to keep his partnership books, he sent them to Boston where they could be put into a vault. His individual books he allowed to remain here. They were removed from one office to another. He states that he did not see the individual books after the removal; but his clerk states that he saw them in the office after the removal. They cannot be found. He then goes to Boston for the purpose of getting the books which had been put into a vault there, and they are gone — cannot be found — mysteriously disappeared. And the appellant desires us to believe that, because it was possible that certain other parties in other litigations had some interests hostile to the appellant, they had stolen his books. It appears also from the affidavit furnished by the brother in whose office this vault was situated that he left the door open frequently and went out of the office and left it alone, and the books may have been taken at such a time; but there is not the slightest evidence that they were ever missed until they were wanted in this proceeding. This excuse might have had some color of credibility if the books in only

one place had disappeared. But here we find that the books wanted which were in the appellant's office.here are gone, stolen by these hostile interests, and the books are stolen from the vault of the office in Boston by the same parties. This coincidence is altogether too remarkable. It cannot be that these people were so eager to get these books that they were safe neither in the appellant's office in New York nor in his brother's vaults in Boston. The coincidence of the disappearance of these books carries with it unequivocal evidence of design. They would not disappear from both places when they were wanted, without intelligent help.

We think that the excuse offered would have been sufficient, if true, but we do not believe that any intelligent man can help attributing the coincidence mentioned to design.

The order should be affirmed, with costs.

PARKER, J., concurred.

Order affirmed, with costs.