HOLLY MANUFACTURING COMPANY, Respondent, *v.* CLARENCE H. VENNER and Another, Appellants, Impleaded with Others.

*Discovery of books — affidavit that the party has neither the possession nor control of them — proof insufficient to justify a reversal of the order for discovery.*

Whether an order to produce and make discovery of books should be vacated, depends upon the circumstances of the particular case, and the order will not necessarily be vacated because the party required to produce the books makes affidavit that he has neither possession nor control of the books in question.

Proof that such a party had been in possession of the books of a firm in which he was a partner; that at his suggestion the books were sent to Boston and placed in the vault of his brother; that they have disappeared, and that his own individual account books, which were also material to the issues, were not to be found, presents a case for the affirmance of an order to make discovery.

An affidavit by another partner that he left the firm on a certain date, had only occasionally visited the office of the partner who was in possession of the books; that he had no knowledge as to the whereabouts of the books, and that they were not in his possession nor under his control, is sufficient to excuse the affiant from making such discovery.

APPEAL by the defendants, Clarence H. Venner and another, from an order of the Supreme Court, made at the Niagara Special Term and entered in the office of the clerk of the county of Niagara on the 13th day of August, 1894, requiring the defendants to make discovery and allow an inspection to be made of certain ledgers,

journals and books of the firm of C. H. Venner & Co., and directing the defendant Clarence H. Venner to make discovery and allow an inspection to be made of certain of his individual books of account.

*E. C. Sprague*, for the appellants.

*T. E. Ellsworth*, for the respondent.

BRADLEY, J.:

The action is in the nature of a creditor's bill founded upon judgments recovered by the plaintiff against the American Water Works Company, an Illinois corporation, in June and July, 1892, upon an indebtedness existing prior to July 25, 1891. The plaintiff alleges that on that day a transfer was made by that company of all its property to another company having the same name incorporated in New Jersey; that thereupon the New Jersey company issued to the Illinois company its preferred and common stock, which was by the latter company distributed amongst its stockholders; that there was no other consideration for the transfer; that the firm of C. H. Venner & Co., composed of the defendant Clarence H. Venner and William A. Underwood, was one of such stockholders, and that each of these co-partners received a certain number of shares of the stock of the New Jersey company without consideration; that shortly thereafter the firm of C. H. Venner & Co. was dissolved and another firm of the same name, composed of Clarence H. Venner, George P. Toby and Frederick H. Mills, was organized; that this firm assumed all of the debts and liabilities of the other, and, as a consequence, owed the Illinois company $40,000. These transactions are alleged to have been a scheme intended to defraud the creditors of the Illinois company.

The purpose of the discovery sought is to furnish evidence in support of the matters alleged. And it is represented by the petition that the plaintiff has no other means of obtaining the evidence to prove the facts essential to the substantial relief for which the action is brought.

The provisions of the statute on the subject are substantially the same as were those of the Revised Statutes. It is provided that an order for discovery, and in default to show cause, may be vacated " upon satisfactory proof by affidavit: (1) That it ought not to have

been granted; or (2) that the party required to make the discovery, or permit the inspection, has not the possession or control of the book, document or other paper directed to be produced or inspected." (Code Civ. Proc. § 806.)

The defendant Venner, in his affidavit in answer to the matters alleged in the petition, states that the books mentioned in the petition were not nor were any of them in his possession or under his control. Under some circumstances the proof by affidavit of such facts would be deemed sufficient to fairly require the vacating of an order for discovery or for denial of the prayer of the petition on which it is obtained, because the question of possession or control or power to produce is a matter resting in the personal knowledge of the party against whom the proceeding is directed. (*Hoyt* v. *Am. Exchange Bank*, 1 Duer, 652 ; *Woods* v. *DeFiganiere*, 25 How. 523 ; *Ahoyke* v. *Wolcott*, 4 Abb. Pr. 41 ; *Bradstreet* v. *Bailey*, Id. 233; *McIlhanney* v. *Magie*, 13 N. Y. Civ. Proc. Rep. 16.)

In the present case the books in question of the firm of C. H. Venner & Co. were, until sometime in 1893, in the office where the business of the firm had been transacted in the city of New York, and of which Venner was an occupant. In the summer of that year the defendant Venner was examined in proceedings supplementary to execution instituted by the plaintiff, and by *subpœna duces tecum* he was required to produce those books on his examination. He there stated that, from three to five months before then, the books were removed to the vault of the office in the city of Boston, in charge of his brother George, for want of room in the New York office, and because they were not in active use. At a later day, to which his further examination was adjourned, he stated, in substance, that he had been to Boston, and that, although the books had reached there and been placed in the vault, they could not be found; that he had made search and inquiry for them in vain. He said that the books were sent to the Boston office upon his suggestion.

In a proceeding to punish him for contempt for not producing the books pursuant to that subpœna, the reasons given by him for his default were not deemed satisfactory to the court, and the determination that he was in contempt was sustained on review. (*Holly Mfg. Co.* v. *Venner*, 74 Hun, 458 ; 60 N. Y. St. Repr. 480.) His

statement on the subject in his affidavit in this proceeding adds substantially nothing to that in the other proceeding on the subject. He states that he has done everything in his power to discover the whereabouts of the books; has searched the vault in Boston and made diligent inquiry of all persons who would be likely to know about them. What he says about his inability to produce the firm books is applicable alike to his individual account books of which discovery and inspection are sought. He says that he has no recollection of seeing them since October, 1892, at which time his office was moved from one set of rooms to another in No. 33 Wall street, New York. There is certainly some mystery about the disappearance of all those books which the plaintiff desires to inspect. There is no apparent reason, and none given, why any person hostile to the defendant Venner would care to take away the books, or conceal them from him to his prejudice. The circumstances are such as to justify the inference that the disposition made of the books, whatever it may be, was not in hostility to him, nor intended to thwart any purposes desirable on his part.

It is not seen that the discretion of the   urt was improperly exercised by the conclusion that the defendant has not satisfactorily accounted for his non-production of the books, and that his failure to do so was evasion. (*Hicks* v. *Charlick*, 10 Abb. Pr. 129; *Fenlon* v. *Dempsey*, 21 Abb. N. C. 291; 22 id. 114; *Perrow* v. *Lindsay*, 52 Hun, 115.)

The relation of the defendant Toby to the books of the firm of C. H. Venner & Co., of which he was a member, is somewhat different. His affidavit is to the effect that the firm was dissolved July 31, 1892, and since that time, and after August first of that year, he had been only an occasional visitor to the offices occupied by Venner; that he has no knowledge whatever of the whereabouts of the books of the firm, or of the individual books of Venner; that none of them have been in his possession or under his control since the 1st day of August, 1892; that he has no recollection of seeing them since that time, and that he is unable to produce them.

There are no facts or circumstances appearing to countervail the apparent effect of the affidavit of the defendant Toby in answer to the petition. And it is difficult to see how he can properly be charged personally with the failure to produce the firm books for

inspection. It is urged that Toby's answer would serve the purpose of Venner if the answer of the latter were stricken out. That can be so only to a very limited extent, and that is in the denial that the defendants, Venner, Toby and Mills, as co-partners under the firm name of C. H. Venner & Co., are indebted to the Illinois company in the sum of $40,000, or any sum. This is the only matter within the allegations of Toby's answer which appears to be the subject of joint liability of these parties arising out of their alleged joint contract. There is no denial of the charge that the second firm of that name assumed the debts and liabilities of the former one. The complaint alleges substantially that the Illinois company transferred all its property to the New Jersey company, and that the certificates of stock of the latter company were delivered to the Illinois company, and were distributed by it before the first firm of C. H. Venner & Co. was dissolved, and that thereafter that corporation practically did no business. It would, therefore, seem from the allegations of the complaint that the joint liability of the members who constituted the latter firm is dependent upon an indebtedness of the former firm to the Illinois company. The mere fact that Toby answered the complaint cannot be given an effect prejudicial to him in the proceeding to obtain inspection of the books, and to punish for contempt on his failure to produce them.

As the firm was dissolved in July, 1892, and the occupation of the office by Toby was then discontinued, and thereafter continued by Venner, nothing appears from which complicity of Toby with Venner in respect to the books can be inferred, nor does there seem to be any relation between them from which it may be assumed.

The order as to the defendant Toby should be reversed, and as against the defendant Clarence H. Venner affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Order reversed as to defendant Toby, and as against the defendant Clarence H. Venner affirmed, without costs of this appeal to either party.