### DONAHUE et al. v. LYONS.

(Supreme Court, Appellate Division, Second Department. May 7, 1898.)

CONTEMPT—VIOLATION OF INJUNCTION—FINE.

Although, under Code Civ. Proc. § 2284, the court, in punishing a defend-ant for contempt in violating an injunction order, may impose a fine not exceeding $250, even though the plaintiff has not been injured by the de-fendant's misconduct, yet an order which imposes a fine, not upon that theory, but simply as indemnity for the plaintiff's loss, cannot be sustained, where there is no evidence that the defendant's misconduct did in fact pro-duce any loss or injury.

Appeal from special term.

Action by Peter J. Donahue, Sr., Peter J. Donahue, Jr. and others, against Patrick Lyons. From an order adjudging defendant guilty of contempt, and punishing him therefor, he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Ira Leo Bamberger, for appellant.
Thomas F. Magner, for respondents.

PER CURIAM. We are of opinion that the course of practice adopted by the plaintiffs in this proceeding was irregular. It is not necessary for us to point out the various irregularities which we have in mind. It is sufficient to say that the order punishing the defend-ant for contempt, and finding that his misconduct in violating the injunction order impaired and prejudiced the rights of the plaintiffs to their actual loss, in the sum of $250, is without evidence to sustain it. It is true that the court, under section 2284 of the Code of Civil

Procedure, might have imposed a fine not exceeding $250 upon the defendant, whether the plaintiffs had been injured by his misconduct or not. But this it did not assume to do. The fine was imposed simply as indemnity for the plaintiffs' loss, and of this, as we have already said, there is no evidence.

The order appealed from should be reversed, and the defendant discharged.