UNION TRUST CO. OF NEW YORK v. DRIGGS et al.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

1. DISCOVERY—SERVICE OF MOTION.

　　Motion for discovery, made under Gen. Rules Prac. No. 14, and Code Civ. Proc. § 803 et seq., is an ordinary proceeding in an action, so that under section 799 the petition and notice on which it is begun is to be served on the attorney for the parties, if they have appeared by attorney.

**2. SAME—SHOWING MADE.**

A petition for discovery, showing that the paper sought is necessary, and that it was in the possession of defendants or had been delivered to their attorney, so that under Gen. Rules Prac. No. 14, subd. 3, it devolved on defendants to show what they did with it or what became of it, and that it is not still under their control, and no effort being made to do this, but the affidavit for defendants being evasive, and not denying the facts stated or giving any reason to believe that the paper is not in the possession and under the control of the party to whom it was delivered, an order for its production is proper.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from special term, New York county.

Action by the Union Trust Company of New York against Anna S. Driggs and others. From an order granting discovery, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Alex. Thain, for appellants.

Wheeler H. Peckham, for respondent.

RUMSEY, J. A motion for a discovery, made under general rule of practice No. 14, and section 803 et seq., of the Code of Civil Procedure, is an ordinary proceeding in an action; and the petition and the notice upon which it is begun must be served upon the attorney for the parties, if they have appeared by attorney. Code, § 799; Rossner v. Association, 20 Hun, 182. These papers were so served, and the defendants, having generally appeared in the action, and having appeared upon the motion without objection, are not now in a situation to complain that they are not before the court on this motion. The petition shows quite clearly that the paper sought for is necessary, and that it was in the possession of the three defendants, or had been delivered to their attorney, in New Jersey, and it must still be deemed to be under their control. The case was therefore precisely within subdivision 3 of general rule 14. To excuse themselves, therefore, from the delivery of the paper, it devolved upon the defendants to show what they did with it or what has become of it, and that it is not still under their control. Perrow v. Lindsay, 52 Hun, 115, 4 N. Y. Supp. 795. No effort was made to give any such information to the court. On the contrary, the affidavit made by the only defendant who sees fit to answer is evasive, and it does not deny the facts stated in the petition, or give any reason to believe that the will is not now in the possession and under the control of the party to whom it was delivered. No reason was shown, therefore, why the plaintiff should not be entitled to the relief which the court gave him; and the order must therefore be affirmed, with $10 costs and disbursements.

BARRETT and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I dissent. There is not a particle of evidence before the court that the defendants, or any of them, ever

had the paper in their possession. The averments in the affidavit are mere hearsay, two or three degrees removed, and in the case of one of the parties the only evidence is her affidavit that she has not got, and never had, the paper. It is most extraordinary, under such circumstances, to compel parties to produce what they have not got, and to imprison them for not so doing.

O'BRIEN, J., concurs.