UNION TRUST COMPANY OF NEW YORK, Respondent, *v.* ANNIE SPENCER DRIGGS and Others, Appellants, Impleaded with Others.

*Discovery — service of the moving papers — waiver of objection to service — proof as to the possession of a paper of which discovery is sought.*

A motion for a discovery made under rule 14 of the General Rules of Practice and section 803 *et seq.* of the Code of Civil Procedure, is an ordinary proceeding in an action, and the moving papers must be served upon the attorney for the opposing party if the latter has appeared by attorney.

Where the moving papers are so served, and the opposing party (who has appeared generally in the action) appears upon the motion without objection, he cannot, upon an appeal from an order granting the discovery, complain that he was not properly before the court on the motion.

Where it appears from the moving papers that the document sought to be discovered was in the possession of the opposing parties or had been delivered to their attorney, they must, in order to relieve themselves from the duty to produce the document, show what has become of it and that it is not under their control.

VAN BRUNT, P. J., and O'BRIEN, J., dissented.

APPEAL by the defendants, Annie Spencer Driggs and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of January, 1900, directing the said defendants to deliver to the plaintiff's attorneys a copy of the will of their mother, Anna A. Driggs, certified and sworn to by a notary public or other official duly authorized by the laws of the State in which said certification may be made to take proof and acknowledgment of deeds.

*Alex. Thain,* for the appellants.

*Wheeler H. Peckham,* for the respondent.

RUMSEY, J.:

A motion for a discovery, made under General Rule of Practice No. 14 and section 803 *et seq.* of the Code of Civil Procedure, is an ordinary proceeding in an action, and the petition and the notice upon which it is begun must be served upon the attorney for the parties if they have appeared by attorney. (Code, § 799; *Rossner* v. *New York Museum Association,* 20 Hun, 182.) These papers were so served, and the defendants having generally appeared in the action, and having appeared upon the motion without objection, are not now in a situation to complain that they are not before the court on this motion. The petition shows quite clearly that the paper sought for is necessary, and that it was in the possession of the three defendants or had been delivered to their attorney in New Jersey, and it must still be deemed to be under their control. The case was, therefore, precisely within subdivision 3 of General Rule 14. To excuse themselves, therefore, from the delivery of the paper, it devolved upon the defendants to show what they did with it, or what has become of it, and that it is not still under their control. (*Perrow* v. *Lindsay,* 52 Hun, 115.) No effort was made to give any such information to the court. On the contrary, the affidavit made by the only defendant who sees fit to answer is evasive, and it does not deny the facts stated in the petition, or give any reason to believe that the will is not now in the possession and under the control of the party to whom it was delivered. No reason was shown, therefore, why the plaintiff should not be entitled to the relief which the court gave him, and the order must, therefore, be affirmed, with ten dollars costs and disbursements.

BARRETT and INGRAHAM, JJ., concurred; VAN BRUNT, P. J., and O'BRIEN, J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent. There is not a particle of evidence before the court that the defendants or any of them ever had the paper in their possession. The averments in the affidavit are mere hearsay, two or

three degrees removed; and in the case of one of the parties, the only evidence is her affidavit that she has not got and never had the paper. It is most extraordinary, under such circumstances, to compel parties to produce what they have not got, and to imprison them for not so doing.

O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.