## FRIEDMAN v. NEWMAN.

(Supreme Court, Appellate Term. February 23, 1904.)

1. CONTEMPT—FAILURE TO PRODUCE BOOKS.

   A defendant ordered to produce books on supplementary proceedings, having given no valid reason for refusal to produce some of the books, may be fined for contempt.

2. SAME—FINE.

   A fine based on loss to plaintiff may not be imposed on defendant for refusal to produce books of account on supplementary proceedings, there being no evidence of actual loss, but merely a claim that the books might have shown assets.

Appeal from City Court of New York, Special Term.

Action by Jacob Friedman against Abraham Newman. From an order adjudging defendant guilty of contempt, he appeals. Modified.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

M. Angelo Elias, for appellant.

Jacob Friedman, in pro. per.

PER CURIAM. Sifted of a large mass of irrelevant and scandalous matter, consisting principally of charges and countercharges made by the respective attorneys in this case, each against the other, as to the manner in which the proceedings forming the basis of the order appealed from herein have been conducted, and as to the truthfulness of the respective statements contained in the affidavits used by them, all of which redundant matter should not have found place in the record, is foreign to the questions at issue, and its use to be deplored, if not censured, the cause for the making of the order and the imposition of the fine from which the appellant seeks relief is substantially as follows: The plaintiff herein obtained a judgment against the defendants, and examined the defendant, Newman, in supplementary proceedings. It appeared from his examination that there had been a partnership under the name of Newman, Livingston & Newman. This partnership had been dissolved, and a corporation formed under the same name, of which Newman was president; and he was also president of another corporation known as Newman & Bocker. Thereupon plaintiff served a subpœna duces tecum upon him to produce the books of the three concerns above named. This subpœna and a second one were vacated on defendant's motion, and a third subpœna obtained and served, and a motion to vacate this last was made (but upon what grounds does not appear) and denied, and from the order denying this motion no appeal was taken. This last order directed the production of the books called for by the subpœna. At the hearing defendant produced but two books—those of the Newman & Bocker corporation. The contempt proceedings are based upon the refusal of the defendant to produce the partnership and the corporation books of Newman, Livingston & Newman. Upon the examination Newman stated that the two books of the Newman & Bocker concern were the only ones he could produce, but gave no reason for his failure to produce the other books called for by the subpœna and order. Upon the return of

the order to show cause why he should not be punished for contempt in failing to produce the books of the partnership and corporation of Newman, Livingston & Newman, he gave no reason for not producing the partnership books. The reason for not producing the corporation books, if they had been given upon a motion to vacate the subpœna or modify the order requiring him to produce such books, would, if uncontradicted, undoubtedly have had weight with the court that made the order, and might have resulted in its vacation or modification. Not having, so far as the record appears, put forth such reasons upon his motion to vacate the subpœna, and having given no valid reason for his refusal to produce the partnership books, he was in contempt, and the imposition of a fine was proper. The fine, however, was imposed as an indemnity for the plaintiff's loss, the order reciting that the misconduct of the judgment debtor "was calculated to and actually did defeat, impair, impede, and prejudice the rights and remedies of the plaintiff judgment creditor herein to his actual loss or injury in the sum of $330.59, the amount of the judgment herein." The amount of the fine was fixed at the amount of the judgment, costs, and disbursements in the action, amounting to the sum of $388.90. There was not the slightest proof of actual loss on the part of the plaintiff. His claim that the books, if they had been produced, "might have disclosed that the defendants" had assets, and his other statements made in reference thereto, are purely conjectural, and form no basis for the finding that plaintiff suffered "actual loss or injury." The imposition of a fine exceeding $250 was therefore clearly unauthorized. Holly Mfg. Co. v. Venner, 74 Hun, 458, 26 N. Y. Supp. 581; Devereaux v. Clifford, 11 App. Div. 401, 42 N. Y. Supp. 687; Donohue v. Lyons, 30 App. Div. 622, 51 N. Y. Supp. 612; Code Civ. Proc. § 2284.

Upon an examination of the whole case we think the imposition of a fine of $100 would have been sufficient under the circumstances, and the order is therefore modified by reducing the fine imposed to the sum of $100, and, as modified, affirmed, without costs to either party; the amount of such fine, when paid, to be credited upon the judgment.