SCHLESINGER, Receiver, Appellant, vs. ELLINGER, Respondent.

*January 9—January 28, 1908.*

*Discovery: Order for inspection of writings: When order should be vacated: Evidence: Burden of proof.*

1. In proceedings under sec. 4183, Stats. (1898), authorizing compulsory permission of one party to an action to inspect and take copies of "books, papers and documents in" the "possession or under" the "control" of the adverse party "relating to the merits of the action or of the defense therein," an unqualified denial of the allegations of a petition, praying such permission, as to such possession and control constitutes a full answer thereto, and calls for the vacation of an order for such inspection theretofore made.

2. In such case, however, if it appears that the books, papers, and documents inspection of which is sought·have been in the possession of the adverse party, especially where such party is unquestionably the proper custodian thereof, the proof that they are no longer must be very clear to require an order for their production to be vacated.

3. In proceedings under sec. 4183, Stats. (1898), for the compulsory inspection of books, papers, and documents in the possession or under the control of the adverse party, the burden of proof is on the party seeking to have his adversary coerced, and an affidavit that such adversary has control of the papers (which may be properly made without personal knowledge because of the presumption arising from the fact that rightly they should be in such control) makes a *prima facie* case.

4. When, however, such presumption is rebutted by the positive denial by such adversary, an order nevertheless requiring their production, based on mere suspicion that the denial is false, or that the papers are where he might gain control of them, is improper.

5. Proceedings under said sec. 4183, Stats. (1898), cannot be extended so as to compel the adverse party to assert his right to possession of papers and obtain them, from one who would resist efforts in that regard, for the purpose of producing them for inspection of the petitioner.

6. In proceedings under said sec. 4183, Stats. (1898), under the facts, stated in the opinion, it is *held* error for the trial court to refuse to vacate an order requiring the adverse party to submit to petitioner the papers and documents named in the petition.

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Reversed.*

The appeal is from a determination refusing to vacate an order for the production of books and papers and staying proceedings until compliance therewith.

The Federal Bank of New York, a state corporation, was duly closed by the New York state banking department April 14, 1904, and plaintiff was duly appointed receiver. There came to his hands through the superintendent of such banking department as part of the assets of the bank two notes against the defendant, each for $3,750, dated January 15, 1904. This action was commenced to recover thereon. Defendant answered to the effect that the notes were executed by plaintiff and placed in the custody of David Rothschild, as president of the bank, under an agreement that they were to be negotiated in the bank and the proceeds immediately remitted to him; that the proceeds of the notes were never forwarded to defendant; that he never received any consideration therefor whatever.

Upon affidavit of one of defendant's attorneys an order was entered requiring plaintiff to produce for inspection by such attorneys the articles of incorporation of the bank, its by-laws, rules, and the minutes and records of meetings of its stockholders and directors, containing provisions, resolutions, or directions as to the powers of the president. The order was granted on a hearing. The affidavit referred to was to this effect, in addition to stating the defensive grounds: It is material to defendant's case to establish the authority possessed by the president of the bank with whom the notes were left. Defendant has been advised by his counsel, and verily believes, that an inspection of the papers and records of the corporation, specifying those mentioned in the order aforesaid, is necessary to enable him to prepare for trial; that plaintiff as receiver is in the possession, custody, or control of such papers and records.

October 15, 1906, a motion was duly made to vacate said order, which was supported by the affidavit of plaintiff used on the former hearing, to the effect that he did not have in his possession or under his control any such papers as those he was required to produce; that he had made and caused his clerk to make a careful search in all places where they would be likely to be found and made inquiry of every person whom he could reach or find, likely to furnish any information relating to such papers and records, without being able to discover the whereabouts thereof or any information in respect thereto.

The motion was further supported by a second affidavit of plaintiff, one by the person who acted as custodian of the papers relating to the bank, received by plaintiff from the time they were taken possession of, one by the cashier of the bank at the time of its suspension, one by the person who was president at such time, one by the person who had personal charge of the papers and records of the bank from the time of its commencement till it was taken possession of by the superintendent of banking, all to the effect that no such papers as those mentioned in the order were in the bank when such possession was taken, and no such papers or records were ever delivered to plaintiff; that diligent search and inquiry had been made therefor by him and his assistants without his being able to discover the whereabouts of any such papers or records, except minutes of a meeting of the board of directors of March 9, 1904, a sworn copy of which was produced and which did not contain anything of importance to the case. There was an affidavit by Rothschild that regular meetings of the board of directors and stockholders were held from the time the bank commenced business till he was displaced as president and that records thereof were among the archives of the bank when he left it.

The court denied the motion upon the ground that the case presented by plaintiff was not sufficient to overcome the pre-

sumption that records and papers showing corporate proceedings were made by the corporation, and that it was the duty of plaintiff not only to satisfy the court that they were not in his possession nor under his control, but to take all reasonable and legal steps to ascertain if they were in existence, and, if not, what had become of them, and if they had been destroyed who was the actor in the matter, and that inasmuch as he had not done so the motion should be denied. The court said: "When papers are last shown in his possession, he must show what has been done with them, what has become of them, or that they have got out of his possession and are no longer under his control."

For the appellant there was a brief by *Simmons, Nelson & Walker,* and oral argument by *John G. Simmons.*

For the respondent there was a brief by *Kronshage, McGovern & Fritz,* and oral argument by *Mr. Kronshage.*

MARSHALL, J.    It is conceded, as it must be, that the lower court was not warranted in refusing to vacate the order requiring production of books and papers, if the *prima facie* showing made in the moving papers for such order, that such books and papers were in the possession or under the control of plaintiff, was fully rebutted.

The proceedings were governed by sec. 4183, Stats. (1898). That only authorizes compulsory permission of one party to an action to inspect and take copies of "books, papers and documents in" the "possession or under" the "control" of the adverse party "relating to the merits of the action or of the defense therein." So an unqualified credible denial by appellant of the allegations of respondent's petition as to such possession and control necessarily constituted a full answer thereto, and called for a vacation of the order as requested.

The practice under the statute is well and firmly settled as indicated. *Woods v. De Figaniere,* 25 How. Pr. 522; *Hoyt v. Am. Exch. Bank,* 1 Duer, 652; *Ahoyke v. Wolcott,* 4 Abb.

Pr. 41; *Bradstreet v. Bailey,* id. 233. Indeed, no authority would seem to be needed on the question. The statute is plain. The court can go to the extent thereof and no further. The rule is thus laid down in standard works on practice, referring to statutes in most of the states the same or similar to ours, with numerous supporting authorities. 6 Ency. Pl. & Pr. 794–802, and notes.

In *Hoyt v. Am. Exch. Bank, supra,* the court remarked that "If in answer to the order the opposite party denies fully and explicitly that there are any such entries, books, or papers under his control, that is an end of the application." Such is the effect of all the authorities referred to.

True, it has been held that where it appears that the books and papers, inspection of which is sought, have been in the possession of the adverse party, the proof that they are so no longer, especially in a case where such party is unquestionably the proper custodian thereof, must be very clear to require an order for the production thereof to be vacated. *Holly Mfg. Co. v. Venner,* 86 Hun, 42, 33 N. Y. Supp. 287. That is upon the theory that the court which dealt with the matter originally must be regarded as having had reasonable ground to believe from the evidence that the adverse party in fact had control of the papers notwithstanding his denial, not upon the ground that possibly, or probably, he knows of their whereabouts and though held in hostility to him he can gain control thereof for the use of such party.

The burden of proof in such a case is rightly said to be on the party seeking to have his adversary coerced, though his affidavit that such adversary has control of the papers, which he may properly make without personal knowledge because of the presumption arising from the fact that rightly they should be in such control, makes a *prima facie* case. But when such presumption is rebutted by the positive denial by such adversary, who must in the nature of things be re-

garded as having personal knowledge whereof he speaks, an order nevertheless requiring him to produce the papers, based on mere suspicion that his denial is false, or that the papers are where he might gain control of them, is improper. *Bradstreet v. Bailey, supra.*

It is difficult to see how appellant's denial of possession or control of the papers and the abundance of proof supporting such denial could have been more specific. He not only denied the allegations of the petition but showed by his own and other affidavits, most positively, that the papers had never been in his possession and that though he had made diligent effort to discover their whereabouts such efforts had not been successful. The case in appellant's favor seems to have been made about as strong as affidavits could have made it. There is no way of escaping the conclusion that he either stated the truth or that he and each of several other persons made, wilfully, a false affidavit.

We must conclude that the order complained of was made under a misconception of the facts disclosed by the proofs. The opinion of the learned trial judge bears unmistakable indications in support thereof. His language to the effect that the papers having been shown to have come to appellant's possession he should produce them or show what had become of them, in connection with the authorities cited in such opinion in support of the proposition (*Perrow v. Lindsay,* 52 Hun, 115, 4 N. Y. Supp. 795; *Union T. Co. v. Driggs,* 49 App. Div. 406, 63 N. Y. Supp. 381; *Fidelity & C. Co. v. Seagrist, Jr., Co.* 79 App. Div. 614, 80 N. Y. Supp. 277), shows that the judicial mind acted upon the theory that the papers and records had been traced into appellant's possession and were last seen there. If the court were right in that, the order complained of would have some basis to rest upon. There is, however, absolutely nothing in the evidence to support that view so far as we can discover.

The judge's opinion follows very closely this language of

the syllabus in *Perrow v. Lindsay, supra,* indicating that he supposed the rule there stated governed the case:

"Where a paper is shown to have been, when last seen, in the possession of the defendant, it devolves upon him to show what he did with it, what has become of it, or how it got out of his possession, and that it is no longer under his control."

As the premise suggested does not exist in this case the rule, obviously, was improperly applied.

The court below not only misconceived the facts but as it seems misconceived the law, in that the decision was based on the theory that it was the duty of appellant, if he did not have control of the papers and records, to gain such control, since he was the rightful custodian, for the purpose of complying with the order. Nothing of that sort is suggested in the statute. The idea was early repudiated in New York in *Bradstreet v. Bailey,* 4 Abb. Pr. 233, where it was held that the statute must be restricted to what it says; that it cannot be extended so as to compel a party to assert his right to possession of papers and obtain them, of one who would resist his efforts in that regard, for the purpose of producing them for inspection by the adverse party.

The foregoing renders it unnecessary to discuss any other proposition presented in the briefs of counsel than the one we have treated.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to grant the motion to vacate the order of July 24, 1906.