In re NATIONAL PUBLIC UTILITY INVESTING CORPORATION.

HOPSON v. UNITED STATES.

No. 384.

Circuit Court of Appeals, Second Circuit.

Aug. 5, 1935.

SWAN, Circuit Judge, dissenting.

Travis, Brownback & Paxson, of New York City (George M. Le Pine and Edward F. Huber, both of New York City, of counsel), for appellant.

Martin Conboy, U. S. Atty., of New York City (John F. Davidson, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

During an investigation by the government of the tax liability for the years 1929 to 1933, inclusive, of National Public Utility Investing Corporation, organized under the laws of Delaware, the appellant was duly summoned on June 11, 1934, to produce, pursuant to the provisions of section 618 of the Revenue Act of 1928 (26 USCA § 1247), certain designated books, papers, and records of Utilities Investing Company, Limited, General Public Utilities Company, Limited, International Public Utility Investing Company, Limited, North American Development Company, Limited, all organized under the laws of Newfoundland, and Public Utility & Financial Securities Corporation of Delaware.

The matter was referred to a special master whose report was to the effect that the documents to be produced were in Canada but subject to the control of the appellant. Exceptions to this report were overruled, and the motion to vacate the order denied.

It is undisputed that, when the ex parte order was made on September 8, 1934, the appellant was the president of National Public Utility Investing Corporation as well as one of its directors and its largest stockholder. All of its stock was held by or for the appellant and his near relatives and by or for H. C. Hopson & Company, a partnership consisting of the appellant and members of his immediate family. Its business was conducted from the appellant's own office at No. 61 Broadway, New York City. During 1928, 1929, and 1930, the four Newfoundland companies above named were organized. International Public Utility Investing Corporation, the predecessor of National Public Utility Investing Corporation, supplied all of their capital and owned all of their stock, except three shares, outstanding from the time they were organized until December 11, 1933. Apparently they were but a part of a holding company set-up and were not actively engaged in business. Until some time in August, 1933, their books were kept at the appellant's office in New York. National Public Utility Investing Corporation was merged with International Public Utility Investing Corporation on December 27, 1933, and on January 22, 1934, the name of International Public Utility Investing Corporation was changed by charter amendment to National Public Utility Investing Corporation. Hereafter, this name will be used for convenience in referring to it and its predecessors indiscriminately.

Public Utility & Financial Securities Corporation, whose books the appellant was also ordered to produce, was organized un-

der the laws of Delaware in December, 1928. National Public Investing Corporation owned practically all of its stock. It soon sold the stock to one of the Newfoundland companies, reacquired it in August, 1929, and in December, 1929, sold it to North American Development Company, Limited, another of the Newfoundland companies. In April, 1931, Public Utility & Financial Securities Corporation was dissolved, and all of its assets together with its books and records were transferred to North American Development Company, Limited.

Until some time in August, 1933, all the books and records of these corporations which the appellant has been ordered to produce were at his office in New York. In that month they were taken to Canada for use, so it is now claimed, in connection with the liquidation of the Newfoundland companies, and are now all in the possession of one Gordon McL. Daley, in Halifax, Nova Scotia, who is the attorney for the liquidator of the Newfoundland companies, R. E. Fradsham, of St. Stephen, New Brunswick.

The affidavit of Daley discloses that he is not and never has been the attorney for the appellant or subject to his direction or control, that he is bound to retain possession of the books and records in controversy subject to the direction of his client, and that his advice to his client is to refuse to relinquish possession of them until the Newfoundland liquidation proceedings, still pending, are ended. It is true, as argued by the government, that the appellant has shown no attempt to comply with the order by requesting either Daley or his client to turn the books and papers over to him.

On December 11, 1933, National Public Utility Investing Corporation acquired all the property of the four Newfoundland companies. This, of course, included all of the assets of Public Utility & Financial Securities Corporation which had previously been transferred to North American Development Company, Limited.

As these books and records were taken to Canada before there is any reason to believe that the appellant or any one else knew they would be wanted in any investigation of the tax liability of National Public Utility Investing Corporation, it cannot be inferred that the appellant was a party to any scheme to put them beyond the reach of tax investigators. Indeed, there is noth-ing more than mere suspicion upon which to base any thought that their removal to Canada was for any purpose not legitimately connected with the liquidation of the Newfoundland companies. That their removal to Newfoundland rather than Canada for this purpose would have been more to be expected is true, but that certainly shows no sinister purpose.

The test of the validity of the order is whether the facts which do appear support the inference drawn by the special master that the appellant had, and has, control of the books and papers in the possession of Daley in Nova Scotia. If so, the power to order their production is clear. In re Ironclad Mfg. Co. (C. C. A.) 201 F. 66. This inferred control rests upon the idea that the appellant's position as president and controlling stockholder of National Public Utility Investing Corporation, which owns all the assets of the Newfoundland companies, gives him such rights as a matter of law in and to the books and papers in Daley's possession that he is in control of them. That requires, however, a disregard of the actual facts which show the contrary. These books and papers are in the possession and control, not of the appellant, not of the National Public Utility Investing Corporation, and not of the North American Development Company, Ltd., but of a third party who must be taken on this record to be the attorney solely of the independent liquidator of the Newfoundland companies. The fact that Daley has the actual possession of the books and papers in Canada unmodified by proof, not suspicion merely, that he is subject to the direction of the appellant as to what shall be done with them, negatives any idea that the appellant has possession or control which puts their production in compliance with the order within his power. In re Ironclad Mfg. Co., supra, 201 F. 66, at page 69. We need not, therefore, decide whether, having the power, he could be required to obtain them from Daley, bring them to this country, and turn them over as ordered. Consequently the motion to vacate the ex parte order should have been granted. Munroe v. United States (C. C. A.) 216 F. 107, L. R. A. 1915B, 980; In re Sykes, 23 Fed. Cas. page 579, No. 13,707. The decisions in Holly Manufacturing Co. v. Venner, 86 Hun, 42, 33 N. Y. S. 287, Fenlon v. Dempsey, 21 Abb. N. C. (N. Y.) 291, and In re Consolidated Rendering Co., 80 Vt. 55, 66 A. 790, 11 Ann. Cas. 1069, turned on

304

facts which have no counterpart in this record.

Order reversed.

SWAN, Circuit Judge, dissents with opinion.

SWAN, Circuit Judge (dissenting).

Both the special master and the District Judge found that the documents ordered to be produced were within the control of the appellant. I am not satisfied that there is no evidence to support this finding. In my opinion the order should be affirmed.