WINSLOW, Respondent, vs. WINSLOW, Appellant.

*June 10—July 12, 1949.*

For the appellant there was a brief by *Langer & Cross* of Baraboo, and oral argument by *H. M. Langer.*

For the respondent there was a brief by *Thomas, Orr, Isaksen & Werner* of Madison, and oral argument by *San W. Orr.*

BROADFOOT, J.   The parties to this action are husband and wife.   The complaint alleges that plaintiff is a duly licensed and practicing physician and surgeon; that defendant was and is a woman of considerable business experience; that she offered to take charge, and did take charge, of the financial affairs of the parties to this action; that because of plaintiff's trust and confidence in her he agreed that she should manage his business affairs and under said agreement at various times, particularly since 1921, he intrusted to her a portion of his earnings for the payment of family expenses and for the purpose of having her conserve, manage, and invest the balance of such money for his benefit; that he inherited moneys, securities, and other property from various relatives and that the moneys and securities were turned over to her to be conserved, managed, and protected; that he also turned over to her an insurance policy upon his life, which matured and the cash value of said policy was taken by the defendant for like purposes; that income has been earned through the investment of said funds; that the defendant acted as plaintiff's agent in these transactions and as such occupied a fiduciary relation to plaintiff; that defendant never made any account to the plaintiff of the moneys, securities, and property so intrusted to her, although he had made inquiry concerning his property, and on or about August 15, 1947, made a demand upon her for an accounting. The complaint asks that an account be stated under the direction of the court and that the defendant be directed to deliver to the plaintiff any moneys, securities, or property found to be due to the plaintiff on such an accounting.

The defendant in her answer denies that she ever took charge of plaintiff's financial affairs and only gave them attention

when he failed or refused to do so. She denies that there was ever any agreement by which she should manage and conserve his property. She admits that he deposited some securities with her and that the income arising therefrom was used for family living expenses; that she has returned to him all of his securities and that she now has no moneys, securities, or property belonging to the plaintiff in her possession or under her control excepting some clothing and professional equipment.

After issue was joined the plaintiff made application for an order pursuant to the provisions of sec. 269.57 (1), Stats., directing that the defendant wife make available for inspection by the plaintiff or his attorneys certain books, papers, and documents mentioned in the supporting affidavits. The defendant filed an affidavit by one of her attorneys in opposition to the motion for the order. On March 1, 1949, the court issued its order based upon the entire record herein, including the affidavit of the plaintiff and the affidavit of one of the attorneys for the plaintiff.

Upon appeal the defendant contends: (1) That the trial judge based his decision on the false premise that a husband has a proprietary right to his wife's personal records; (2) that the initial issue raised by the pleadings is as to the obligation of the defendant to state any account and the effect of the order is to determine that issue prior to trial; and (3) that the order permits an improper use of the discovery statute in that it is indefinite, vague, and all inclusive as to what records are to be produced; that the scope is not sufficiently limited to matters relating to the action and that it permits a "fishing expedition" and permits plaintiff to "ransack" and inspect personal information of the defendant not material to the issues, and not related to the action. In support of her contentions the defendant cites several cases, including *Federal Trade Comm. v. American Tobacco Co.* 264 U. S. 298, 44 Sup. Ct. 336, 68 L. Ed. 696; *Schlesinger v. Ellinger,* 134 Wis. 397, 114 N. W. 825; *Worthington P. & M. Co. v. Northwestern*

I. Co. 176 Wis. 35, 186 N. W. 156; *Northern Wis. Co-op. Tobacco Pool v. Oleson,* 191 Wis. 586, 211 N. W. 923; *Frank v. Marquette University,* 209 Wis. 372, 245 N. W. 125.

The order is broad in scope and directs the defendant to produce all of her records in re the purchase of securities from January 1, 1921, to date, personal account books showing receipts and disbursements of the defendant after said date, check stubs, canceled checks, bankbooks, or bank statements of the defendant from said date, a list of all securities of the defendant acquired since the marriage in 1913 now in her possession or under her control, with full information as to the source of funds used to purchase the same and the date of acquisition, all statements issued to defendant by brokers together with correspondence with brokers pertaining to securities bought or sold after January 1, 1921, copies of defendant's federal-income tax returns from January 1, 1921, to date; and any records possessed by the defendant showing the extent of her property in 1921. The defendant was further directed to write letters, in a form set forth in the order, to certain banks and companies dealing in securities authorizing the plaintiff or his attorneys to inspect their records and make copies of all or any part of such records.

As to the first contention of the defendant, we are unable to find anything in the opinion or order of the trial judge that would support it.

As to the second contention, neither the opinion nor the order determined the obligation of the defendant to state any account. Nor do we determine that question. However, some of the information requested is necessary for a proper determination of that issue, and if it should be determined upon the trial that the defendant should make an accounting, the information directed to be furnished by the order will be necessary to enable the trial court to find the facts and make and enter a proper judgment based thereon.

As to the third contention, the order, as stated above, is broad in scope. The cases cited all deal with the production of records of corporations or other business concerns. In those cases the adverse party knows with some certainty what books and records are kept. In this case the facts are unusual. What records were maintained by the defendant are known only to her. Probably they were not kept in regular books of account. Under these circumstances it was impossible for the plaintiff to describe them more definitely. The opinion of the trial court contained this paragraph:

"This order should be fully complied with in sixty days from the date of this order and should be complied with in so far as it is within the defendant's power and ability to do so. In the event of undue hardship or inability to perform any of the provisions of this order, the court reserves jurisdiction to so modify or release the defendant, if it sees fit, upon further application to the court."

From the record, and particularly in view of some of the admissions of the defendant in her adverse examination, it was within the discretion of the trial court to issue a broad order so that the facts may be ascertained. He has indicated a willingness to amend the order in the event of undue hardship or inability to perform any of the provisions thereof. We cannot find any abuse of discretion on the part of the trial court in issuing the order.

*By the Court.*—Order affirmed.