BAVARIAN SOCCER CLUB, INC., Respondent, v. PIERSON and others, Appellants.

*September 5—October 3, 1967.*

11

12

For the appellants there were briefs by *Merten, Connell & Sisolak,* attorneys, and *Paul E. Schwemer* of counsel, all of Milwaukee, and oral argument by *Mr. Schwemer.*

For the respondent there was a brief and oral argument by *Richard D. Finley* of Milwaukee.

WILKIE, J. Initially, for our consideration of the issues on this appeal, it is necessary to establish the nature of the order appealed from. Essentially, it is comprised of two parts: The first part in which the trial court directs the production of certain items, all in order to assist the plaintiff in formulating its complaint and gathering evidence to support its cause; the second part in which the trial court refuses to dismiss the action.

For purposes of this appeal it is first appropriate to consider the appeal on the first part of the trial court's order. Two issues are raised on that portion of the appeal:

1. Is that part of the order appealable?

2. If it is appealable, did the trial court abuse its discretion in (a) ordering defendants to produce and deposit with the court a complete accounting of receipts

and disbursements, and (b) ordering defendants to produce and deposit with the court certain copies of their income tax returns and the discovery examination exhibits?

That part of the order requiring defendants to deposit a complete accounting, copies of their income tax returns and all exhibits identified in the discovery examination was entered in response to an order to show cause based on sec. 269.57 (1), Stats.[1]

Both sides concede that an order of this type, made in response to a motion brought pursuant to sec. 269.57 (1), Stats., is appealable. However, they seem to base their concession on an erroneous tenet. Defendants claim, and plaintiff takes no issue with the claim, that this is a final order made in special proceedings and is, therefore, appealable under sec. 274.33 (2).[2] This is not a special proceeding. It is more accurate to say that this part of the order is appealable under sec. 274.33 (3),[3] as an order which grants a provisional remedy. The early case of *Noonan v. Orton*[4] held that discovery devices were provisional remedies and that orders granting or refusing such remedies were appealable. The court ad-

---

[1] "269.57 **Inspection of documents and property; physical examination of claimant.** (1) The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding and may require the deposit of the books or documents with the clerk and may require their production at the trial. If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both."

[2] Sec. 274.33, Stats., enumerates which orders of the court are appealable. Sub. (2) states in part that: "A final order affecting a substantial right made in special proceedings . . ." is appealable.

[3] An order is appealable when it "grants, refuses, continues or modifies a provisional remedy . . . ."

[4] (1871), 28 Wis. 386.

heres to this rule to date.[5] Though this part of the order would be appealable, plaintiff contends that it is not appealable in this case because defendants did not object to this phase of the order at the trial-court level. Defendants argue that their motion to dismiss, made continuously throughout the proceedings and at the time the order was made and entered, constitutes a sufficient objection. The purpose of objecting in the trial court is to give that court an opportunity to correct its own errors and thus avoid the raising of issues on appeal for the first time. We deem that defendants' motion to dismiss is sufficient objection to the inspection part of the order involved in this phase of the appeal and that that part of the order is appealable.

Thus, we reach the question of whether the trial court abused its discretion in entering the provisions of the order directing the furnishing of a complete accounting of receipts and disbursements by defendants, the production of certain tax returns and the supplying of exhibits relating to the ordered discovery examinations.

The prayer for relief in plaintiff's complaint recites "For an accounting between the above named defendants, . . . in order to determine the true and correct . . . claim against said defendants . . . ." Defendants contend that this action is for an accounting and that the correct procedure to be followed in such actions requires a trial to determine in the first instance whether the plaintiff has a right to an accounting. Defendants argue that only after that right is established may the court allow questions, etc., into the items of the account.

---

[5] *Hudson v. Graff* (1948), 253 Wis. 1, 33 N. W. 2d 174, and cases cited therein. *See also Quality Outfitters v. Risko* (1958), 4 Wis. 2d 341, 90 N. W. 2d 638; *Zawerschnik v. Bell* (1959), 6 Wis. 2d 185, 94 N. W. 2d 641. In *Appleton v. Sauer* (1956), 271 Wis. 614, 74 N. W. 2d 167, the court held appealable an order denying the inspection of a "drunk-o-meter."

This contention was made to the court in *Winslow v. Winslow* [6] and was squarely answered by the court in sustaining an order directing the production of records to the plaintiff in that cause before a court determination of the obligation of the defendant to state any account. The court stated:

". . . some of the information requested is necessary for a proper determination of that issue, and if it should be determined upon the trial that the defendant should make an accounting, the information directed to be furnished by the order will be necessary to enable the trial court to find the facts and make and enter a proper judgment based thereon." [7]

In the instant case, plaintiff's complaint alleges that two of the defendants, as officers of the plaintiff corporation, and assisted by the other defendants, conducted airplane trips to Germany under plaintiff's sponsorship and that defendants have failed and refused to account for an alleged surplus of receipts over disbursements from such trips. A complete accounting of receipts and disbursements in connection with the Germany trips is relevant to the question of whether there is a surplus and the amount of the surplus.

In actions such as the one involved here the trial court is not required, as defendants contend, to hold an initial hearing on whether there is a right to an accounting. [8] We do not determine the question of whether plaintiff has a right to an accounting. We hold only that the order of the trial court directing the accounting is an aid to the gathering of information relative to the controversy and there is no abuse of discretion involved in that part of the order.

[6] (1949), 255 Wis. 347, 38 N. W. 2d 430.

[7] *Id.* at page 350.

[8] *Winslow v. Winslow, supra,* footnote 6; *Hudson v. Graff, supra,* footnote 5.

Those provisions in the order directing the deposit of specified tax returns and exhibits related to the discovery examinations also should be affirmed. Plaintiff's complaint alleges that these tax returns are the only existing statement by the defendants of the financial operation of the airplane flights and are essential in preparing for trial. We agree with the trial court's determination that they are relevant. So, too, are the exhibits deposited in conjunction with the discovery examination. Accordingly, we find no abuse of discretion in the trial court's directives dealing with the tax returns and exhibits.

We now consider the defendants' appeal from that part of the trial court's order refusing to quash the service of plaintiff's complaint and refusing to dismiss the action for the reason that it was not timely served and filed. The sole issue presented is whether that part of the order is appealable. It is not.

Defendants argue that this part of the order is appealable for two reasons: One, that because the motion to dismiss should have been granted as a matter of right, its denial constituted a determination that the court had subject-matter jurisdiction; and two, that in appeals from a final order in a special proceeding all intermediate orders which are not in themselves appealable but which affect the merits of the final order become reviewable. But, as to the first argument, we have held that:

"An order denying a motion to dismiss is not made appealable by sub. (3) of sec. 274.33, Stats." [9]

Sec. 274.33 (3), Stats., would allow an appeal from an order which decides a question of jurisdiction. Here there was no direct challenge to the trial court's jurisdiction. As to defendants' second contention, we have

[9] *Szuszka v. Milwaukee* (1961), 15 Wis. 2d 241, 243, 112 N. W. 2d 699.

already discussed the fact that this was not an order in a special proceeding. This is true of the entire order. While the inspection and discovery part of the order grants a provisional remedy and is appealable, this is not the case with the latter part of the order. That part of the order, refusing to dismiss the action and to quash the service of the complaint, is an intermediate order [10] and nonappealable at this time.

Defendants argue indirectly that the court was without jurisdiction to proceed. They point to the April 1, 1966, order of Judge RASKIN, which states:

"Each of the defendants shall appear before Court Commissioner Maurice M. Spracker on a date and hour agreed to by respective counsel, *but no later than 20 days from this date* to answer those questions previously objected to by counsel for defendants . . . ." (Emphasis supplied.)

as requiring service of a complaint prior to May 11, 1966 (*i.e.*, April 1, 1966, plus twenty days to conduct the examination plus twenty additional days to file the complaint). Defendants argue that since the examinations of defendants pursuant to this order have not taken place and the plaintiff did not request an extension of time to serve its complaint before the May 11, 1966, expiration date, plaintiff's complaint should have been dismissed as a matter of law because no extension was granted under sec. 269.45 (2), Stats. [11] Sec. 269.45 (2) allows a court to extend time within which an act may be performed *after* expiration for cause and upon notice if the failure to act is the result of excusable neglect.

---

[10] Sec. 274.34, Stats., states: "Upon an appeal from a judgment, and upon a writ of error, the supreme court may review any intermediate order which involves the merits and necessarily affects the judgment, appearing upon the record."

[11] "(2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

Plaintiff contends, however, that the December 7, 1965, order of Judge NEELEN which was entered in full compliance with sec. 269.45 (1), Stats.[12] (*before* the time for filing the complaint had expired) has remained in force, and therefore sec. 269.45 (2) has never become applicable. Plaintiff is correct. Judge RASKIN'S order of April 1, 1966, related only to the appearance of defendants before the court commissioner and not to the time for service of the complaint, and it did not modify or overrule the order of Judge NEELEN.

*By the Court.*—Order affirmed.

---

[12] "(1) The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an action or special proceeding must be taken, except the time for appeal."