APPEL, Respondent, V. HALVERSON, Defendant: MORGAN, Commissioner, Appellant.

*No. 23. Argued February 1, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 99.)

For the appellant the cause was argued by *E. Weston Wood* and *Allan P. Hubbard,* assistant attorneys general, with whom on the briefs was *Robert W. Warren,* attorney general.

For the respondent there was a brief and oral argument by *Bruce R. Rasmussen* of Beaver Dam.

ROBERT W. HANSEN, J.  This case is a chapter in the book of a lady's efforts to recover $300 held as a deposit by a state agency that concedes that the $300 now belongs to the lady. Unfortunately, this chapter cannot have for her a happy ending.

The story began when the lady and a man, who soon thereafter dropped out of the script, set up a partnership to operate a tavern in the town of Lomira in Dodge county. The tavern license was secured in the name of the male partner, and in his name a deposit of $300 was made with the state revenue department as security for

sales tax payments. The partners came to a parting of their ways, and on October 7, 1969, the lady secured a judgment in the county court of Dodge county dissolving the partnership and awarding her the $300 on deposit with the state department.

The lady then had a judgment entitling her to the $300 deposit held by the state department in the name of her former partner. But she did not have the $300. Notice of entry of judgment was served on the attorney for the state department on October 15, 1969. But that did not produce the return of the $300.

So on December 1, 1969, plaintiff's attorney sought by motion and, on December 2, 1969, secured an *ex parte* order directing the revenue commissioner to pay over to plaintiff, as a credit to the judgment, the $300 security deposit for sales tax held in the name of the former partner. The state department responded with an application for a writ of prohibition. This was not proceeded with, it would appear, because the county judge and plaintiff's attorney conceded that there was no jurisdiction under the judgment over the commissioner named in the order.

Next, on February 25, 1970, plaintiff's attorney sought and the county court issued an order directing the commissioner to show cause why he should not be required to pay over the $300 deposit to plaintiff. This order included a provision that an amended summons be served upon the commissioner naming him as an additional defendant in the partnership dissolution action earlier reduced to judgment. The amended summons was in the statutory form for a summons accompanied by a complaint. It was identical to the summons in the original action except that the commissioner was added as a defendant. However, there was no reference to the commissioner in the appended copy of the original complaint,

and no cause of action was alleged against him or the department.

Upon the return date of the order to show cause, the commissioner appeared specially and objected to the court's jurisdiction over him. The county court held that service of the amended summons made the commissioner a party to the original partnership dissolution action, and refused to dismiss the proceedings or set aside service of the amended summons. The court ordered the commissioner to account to the court for the $300 deposit, with the further provision that, upon the filing of the account, the $300 or the sum properly due to the plaintiff was to be paid by the commissioner into court. It is this order from which the appeal is taken.

The temptation is strong to dismiss this appeal on the ground that the subject matter of the dispute, *i.e.*, the $300 deposit held by the state, is not in dispute at all. The lady claims that, under the court judgment, she, not the former partner who made the deposit, is entitled to the refund. The state concedes that she, not he, is now entitled to the refund. This court is entitled to find moot and dismiss appeals where its ruling is no longer needed or makes no difference as to the resolution of a controversy.[1]

But where the issue raised is whether a trial court had jurisdiction to act at all, such issue must be answered. Here the order appealed from is appealable as an order granting a provisional remedy,[2] but, more important, it is appealable as an order deciding a question

[1] See *Look v. Zignego Contractors, Inc.* (1970), 47 Wis. 2d 197, 177 N. W. 2d 127.

[2] See *Bavarian Soccer Club, Inc. v. Pierson* (1967), 36 Wis. 2d 8, 153 N. W. 2d 1, holding appealable an order to produce a complete accounting of receipts and copies of defendant's federal income tax returns. *See also: Halldin v. Peterson* (1968), 39 Wis. 2d 668, 159 N. W. 2d 738; *Grefco, Inc. v. Franklin Roofing Supply* (1970), 46 Wis. 2d 118, 174 N. W. 2d 253.

of jurisdiction, specifically made appealable by statute.[3] While this case suggests a cavalier disregard by the state for the plight of an individual citizen who is seeking no more than the return of a $300 deposit to which she is entitled, as the state concedes, the state has raised the basic issue of whether the record here gave the county court jurisdiction over the state or state official to whom the court's order was directed.

There was neither sense nor substance to the way in which bringing the revenue commissioner into the action was attempted. In an action in which judgment had been entered against the only defendant named, an "amended summons" was ordered and served. No setting aside of the judgment or amending of the complaint was attempted; in fact, no complaint seeking any relief or stating any cause of action against the state official was served with the summons. The "amended summons" was in the statutory form for a summons served with a complaint, but no complaint to which answer could be made accompanied it. The service of such "amended summons," under these circumstances, did not give the court jurisdiction over the appellant.

However, the rock on which the claim of jurisdiction over the appellant founders is bigger than that. The attempt was to bring the appellant into the action as a state officer in his official capacity. The apparent purpose of proceeding against him was to compel the payment of money from the state treasury which he, as an individual, apart from his official status, could neither do nor initiate or certify. This is not an original action to enjoin a state officer from acting in excess of

---

[3] Sec. 274.33, Stats., reads in part:

"**Appealable Orders.** The following orders when made by the court may be appealed to the supreme court: . . .

"(3) When an order . . . decides a question of jurisdiction . . . ."

his authority, to be viewed as a proceeding against him as an individual.

A proceeding against a state officer in his official capacity is a suit against the state, governed by art. IV, sec. 27, of the Wisconsin Constitution providing: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." Pursuant to this mandate, it is the legislature that determines how and in what respect the state can be sued,[4] and the mandate is equally applicable to administrative arms and agencies of the state.[5]

It is true that the legislature may create an agency with independent proprietary powers or functions and sufficiently independent of the state to be sued,[6] but the department of revenue is not such.[7] While the defense of state immunity can be waived,[8] it clearly was not waived here. An exception to the rule of state immunity is that ". . . the courts may entertain actions to enjoin state officers and state agencies from acting beyond their constitutional or jurisdictional powers, . . ."[9] but, to come within this exception, the complaint must allege action outside the lawful authority of the officer or agency.[10] The case here does not come within such exception. If it were to be seriously contended that the

[4] *Townsend v. Wisconsin Desert Horse Asso.* (1969), 42 Wis. 2d 414, 167 N. W. 2d 425.

[5] *Metzger v. Department of Taxation* (1967), 35 Wis. 2d 119, 132, 150 N. W. 2d 431; *Kenosha v. State* (1967), 35 Wis. 2d 317, 323, 151 N. W. 2d 36.

[6] *Townsend v. Wisconsin Desert Horse Asso., supra,* at page 423, and cases cited.

[7] *Metzger v. Department of Taxation, supra,* at page 131.

[8] *Kenosha v. State, supra,* at page 328.

[9] *Metzger v. Department of Taxation, supra,* at page 132. See also: *Barry Laboratories, Inc. v. State Board of Pharmacy* (1965), 26 Wis. 2d 505, 132 N. W. 2d 833; *Wisconsin Fertilizer Asso. v. Karns* (1968), 39 Wis. 2d 95, 158 N. W. 2d 294.

[10] *Metzger v. Department of Taxation, supra,* at page 133.

action was against a state officer as an individual, a complaint alleging acts in excess of lawful authority would have to be the basis for such claim. The amended summons and order to show cause are not a substitute. It follows that, since no statute provides for the type of action here attempted against the commissioner or department, the constitutional provision against suit applies.[11]

The sole question asked by the state on this appeal was whether the county court had jurisdiction to enter the order for accounting and payment into court of the $300 sales tax deposit. That question has been answered: It did not. However, the $300 belongs to the respondent, and the state concedes that it does. During oral argument it was brought out that, when the question of refund first arose, the attorney for the revenue department recommended that the $300 be paid by the department to the lady who is the respondent here. If that advice had then been taken, before court proceedings, litigation expensive to the lady and to the taxpayers of the state could have been avoided. If the recommendation to make the refund is now followed, weight should be given to the equities of the situation, and, with the imperfections of the legal procedures admitted, that is a result devoutly to be wished.

*By the Court.*—Order reversed with directions to dismiss the proceeding on its merits without costs.

---

[11] *Id.* at page 131, stating: ". . . Nowhere in the statutes does a provision appear whereby the legislature has declared the department of taxation to be *sui juris,* or whereby the legislature has provided that, or the manner in which the department can sue or be sued. . . ."