DAIRYLAND HARVESTORE, INC., Petitioner-
Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE,
Respondent.

BADGERLAND HARVESTORE SYSTEMS, INC., f/
k/a Badgerland Harvestore Products, Petitioner-Appel-
lant, ††

v.

Wisconsin DEPARTMENT OF REVENUE,
Respondent. †

Court of Appeals

*No. 88-1748. Submitted on briefs May 8, 1989.—Decided July
17, 1989.*

(Also reported in 447 N.W.2d 56.)

††Petition to cross-review denied.

†Petition to review denied.

799

800

For the petitioner-appellant, there were briefs by *Gaar W. Steiner* and *Bruce A. Mayerle* of *Michael, Best & Friedrich,* of Milwaukee.

For the respondent, there were briefs by *Donald J. Hanaway,* attorney general, and *Warren D. Weinstein,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. Dairyland Harvestore, Inc., and Badgerland Harvestore Systems, Inc., appeal from an order affirming the Wisconsin Tax Appeals Commission's decision that they are not "persons" under sec. 77.59(4), Stats., entitled to file a claim against the Department of Revenue for refund of sales taxes they paid to a retailer or to claim an offset for such sales taxes against their liability for additional sales taxes. The issues are whether the commission properly construed sec. 77.59(4) both before and after its 1980 amendment, whether we should fashion for appellants an equitable remedy under Wis. Const. art. I, sec. 9, and whether the doctrine of equitable recoupment permits appellants to file claims for offsets.

We accept the commission's construction of sec. 77.59(4), Stats. (1977), before its amendment effective

April 30, 1980. We hold that appellants have no standing to file under the statute before that date. We decline to create an equitable remedy to allow offsets, and we conclude that the doctrine of equitable recoupment is inapplicable. With respect to periods after April 30, 1980, we reject the commission's construction of the statute because that construction conflicts with the statute's legislative history. We therefore reverse in part and affirm in part and remand for further proceedings.

1. BACKGROUND

Dairyland and Badgerland are Wisconsin corporations. They received notices of additional sales and use tax assessment from the department, Dairyland for the tax years 1976 through 1981, and Badgerland for 1979 through 1981. Appellants filed petitions for redetermination and claims of offset. The department denied Dairyland's petition in its entirety and issued a modified notice of additional sales and use tax assessment. The department granted Badgerland's petition in part and issued a modified notice of additional sales and use tax assessment. The department denied the claimed offsets against the deficiencies.

The claimed offsets arose out of refunds on purchases by appellants from A.O. Smith Harvestore Products, Inc. Appellants paid Wisconsin sales taxes to A.O. Smith at the statutory rate for each purchase. A.O. Smith in turn paid the taxes to the department, but later made refunds to appellants which reduced the price of the products they had purchased. A.O. Smith did not, however, refund to appellants the sales taxes on the refunded amounts. The refunds to Dairyland were for the fiscal years ending January 31, 1977 through 1981,

and the refunds to Badgerland were for the years ending January 31, 1979 through 1981.

The commission concluded that each appellant lacked standing under sec. 77.59(4), Stats., to file a claim for a refund of sales taxes paid and therefore lacked standing to claim an offset for sales tax paid. The commission concluded that the doctrine of equitable recoupment was inapplicable and affirmed the department's denial of appellants' petitions for redetermination. Appellants petitioned for judicial review under ch. 227, Stats. The trial court affirmed the commission.

Section 77.59(4), Stats. 1977, provides in relevant part:

> At any time within 4 years after the due date of the *annual information return, a person may . . . file with the department a claim for refund of taxes paid by such person.* Such claim for refund shall be regarded as a request for determination. The determination thus requested shall be made by the department within one year after the claim for refund is received by it. [Emphasis added.]

Effective April 30, 1980, this section was amended[1] to provide in relevant part:

> At any time within 4 years after the due date of the taxpayer's *Wisconsin income or franchise tax return* or, if exempt, within 4 years of the 15th day of the 4th month of the year following the close of the calendar or fiscal year, *a person may . . . file with the department a claim for refund of taxes paid.* The claim for refund shall be regarded as a request for

---

[1]*See* sec. 505t, ch. 221, Laws of 1979. The only change in the language of sec. 77.59(4), Stats., since that time was the 1981 addition of a procedural provision regarding timely filing by mail, sec. 1125h, ch. 20, Laws of 1981.

determination. The determination thus requested shall be made by the department within one year after the claim for refund is received by it. [Emphasis added.]

Section 77.52(1), Stats., imposes a sales tax on all retailers for the privilege of selling at retail in this state.

The interpretation of the statute is a question of law. Neither the trial court nor this court is bound by the commission's interpretation. *NCR Corp. v. Revenue Dept.*, 128 Wis. 2d 442, 447, 384 N.W.2d 355, 358 (Ct. App. 1986). If the statute is unambiguous, we apply its terms without deference to the commission's view. *Milwaukee v. Lindner*, 98 Wis. 2d 624, 634, 297 N.W.2d 828, 833 (1980). If the statute is ambiguous, we will accept the commission's interpretation if it has a rational basis, unless it conflicts with the statute's legislative history, judicial precedent, or constitutional prohibitions. *Pabst v. Department of Taxation*, 19 Wis. 2d 313, 323-24, 120 N.W.2d 77, 82 (1963). We will, moreover, assume that the legislature is familiar with and has approved a long-standing interpretation of a statute by the agency charged with its administration. *Cf. Town of Vernon v. Waukesha County*, 99 Wis. 2d 472, 479-80, 299 N.W.2d 593, 598 (Ct. App. 1980), *aff'd*, 102 Wis. 2d 686, 307 N.W.2d 227 (1981) (legislature presumed to acquiesce in longstanding administrative construction if it reenacts or amends statute without substantive change).

## 2. PRE-APRIL 30, 1980 SALES TAXES

All parties appear to assume that if appellants had standing to file claims with the department for sales taxes they paid to A.O. Smith, then they are entitled to offset those sales taxes against additional sales taxes

owing for the same taxable years in question. We make the same assumption.

Appellants contend that under the plain meaning of sec. 77.59(4), Stats. 1977, before its amendment, they are "persons" who may claim a refund of sales taxes paid. We disagree.

At all relevant times before April 30, 1980, sec. 77.52(1), Stats. 1977, imposed the sales tax on A.O. Smith as the retailer. As the "retailer" A.O. Smith was required to file monthly or quarterly sales tax returns, as well as an "annual information return" detailing its total receipts for sales tax purposes. Sec. 77.58(2). A.O. Smith was entitled by virtue of sec. 77.52(3) to collect the sales taxes from appellants, and it is undisputed that it paid the taxes to the department.

In its pre-amendment form, sec. 77.59(4), Stats. 1977, was unambiguous. We adopt the succinct analysis of the statute in *Rent-A-Truck, Inc. v. Department of Revenue,* 8 WTAC 233, 236 (1971), where the commission said,

> The word "person" is used twice . . .; and within the scope and meaning of that word as used in said section, the word "person" in both instances refers to one and the same person. Section 77.59(4) clearly means that at any time within four years of the due date of a sales tax return of a person required to file a sales tax return, that person may, unless a determination by the department by office or field audit has been made, file with the department a claim for refund of sales taxes paid by such person.[2]

---

[2]Since 1971, the commission has consistently held that the statute allows only the persons required to file a sales tax return and who had remitted the tax to the department to file a claim for refund. *See Netex Pet Foods, Inc. v. Dept. of Revenue,*

Appellants contend that if we adopt the department's interpretation of sec. 77.59(4), Stats. 1977, before its amendment, they are denied a right to a legal remedy, contrary to Wis. Const. art. I, sec. 9. This section provides in part that "[e]very person is entitled to a certain remedy in the laws for all injuries . . . which he may receive," and means that if no adequate remedy or forum exists for resolution of disputes or provision of due process, the courts can fashion an adequate remedy. *Collins v. Eli Lilly Co.,* 116 Wis. 2d 166, 182, 342 N.W.2d 37, 45 (1984). Appellants request that we fashion an equitable remedy. We decline to do so. Tax refunds are statutory. We will not create an end-run around the sales tax refund statute. Appellants' lack of standing to file a refund claim before the 1980 amendment flows from a legislative decision as to who may and who may not obtain a sales tax refund.

We reject appellants' argument that under the doctrine of equitable recoupment they are entitled to a refund and therefore an offset even if they lack standing to file a claim. Under that doctrine, the state may reduce a timely claim for a tax refund by the amount of a deficiency assessment barred by the statute of limitations. *American Motors Corp. v. Dept. of Revenue,* 64 Wis. 2d 337, 351, 219 N.W.2d 300, 307 (1974). Similarly, if a taxing authority makes a timely additional assessment against a taxpayer, the taxpayer may credit a refund

[1982–1986 Transfer Binder] Wis. Tax Rep. (CCH) para. 202–529 (1985); *Edward Kraemer & Sons, Inc. v. Dept. of Revenue* [1982–1986 Transfer Binder] Wis. Tax Rep. (CCH) para. 202–386 (1984); *Jackson County Iron Co. v. Dept. of Revenue,* 9 WTAC 283, 284–85 (1972). *Netex* and *Kraemer* expressly relied on *Rent-A-Truck,* 8 WTAC 233 (1971), and *Jackson County* repeated the pertinent language of *Rent-A-Truck,* without citing it.

claim that would ordinarily be barred by the statute of limitations against the deficiency. *Id.*

Equitable recoupment "permit[s] a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole." *Rothensies v. Electric Storage Battery Co.,* 329 U.S. 296, 299 (1946). For that reason, courts allow claims for equitable recoupment that would otherwise be barred by the statute of limitations as long as the main action is timely. *Bull v. United States,* 295 U.S. 247, 262 (1935); *American Motors Corp.,* 64 Wis. 2d at 351, 219 N.W.2d at 307.

Appellants cite no case, however, allowing a claim for equitable recoupment when it is barred not only by the statute of limitations, but by a lack of standing to file even a timely claim. Extension of the doctrine to such a situation would, in effect, fashion a new equitable remedy for appellants. We have already explained our refusal to do so.

### 3. POST-APRIL 30, 1980 SALES TAXES

We conclude that the 1980 amendment to sec. 77.59(4), Stats., renders it ambiguous. The relevance of income tax and franchise tax returns to claims for sales tax refunds is obscure at best. The amended statute fails to specify to whom the person filing a claim paid the tax. It fails to differentiate between the person (such as appellants) who paid it to the retailer and the retailer who paid it to the department. The statute can be read to permit either person or both to claim a refund for the tax on a single transaction. Since reasonable persons

could understand the statute differently, it is ambiguous. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981).

Except for the legislative history of the amended statute, the rule of deference would come into play, and we would adopt the commission's interpretation of sec. 77.59(4), Stats., after its amendment.[3] We conclude, however, that the commission's interpretation conflicts with the legislative history.

The new statute permits a "person" to "file a claim for refund of taxes paid," having deleted the qualifying words "by such person." Consequently, the basis under the old statute for concluding that the "person" entitled to file is the same person who paid the taxes no longer exists. Because the new statute refers to the Wisconsin income tax or franchise tax return, the basis under the old statute for concluding that the "person" entitled to file is the one who filed a sales tax return no longer exists.

We can only conclude that the legislature intended by its amendment to sec. 77.59(4), Stats., that all persons who have paid an excess sales tax, whether to a retailer or to the department, may file a claim for a refund. We specifically infer that the legislature intended through its amendment to permit customers who paid excess sales taxes to retailers to claim tax refunds from the department.[4] Because appellants could have filed

[3]The commission has applied the same construction to the statute before and after its amendment. See *Kraemer, supra,* [1982–1986 Transfer Binder] Wis. Tax Rep. (CCH) para. 202–386, where a consumer's claims for refunds overlapped the amendment.

[4]According to the department, other states have held that if the sales tax is imposed on wholesalers, only the wholesalers may

claims on and after April 30, 1980 for excess sales taxes they paid to A.O. Smith, they may offset those claims against the department's assessments for additional taxes.

We have already referred to the apparent assumption of all parties that if appellants could file claims for sales taxes they paid to A.O. Smith, then they may offset those taxes against additional taxes owing for the same taxable years in question. Whether appellants' standing under sec. 77.59(4), Stats., on and after April 30, 1980 entitles them to offsets for sales taxes paid before that date has not been briefed, and we do not decide the issue.

We recognize that sec. 77.59(4), Stats., can cause administrative difficulties. Refund claims may be filed both by the customer who paid the tax to the retailer and by the retailer who paid it to the department, but presumably the legislature was aware of this problem. Section 77.59(8m) provides a partial solution. It permits retailers to file claims "if the applicant's customers have filed valid claims for refunds with the applicant and if the refund is passed along to those customers." The assumption is that those customers will not file claims with the department. The department should be able to develop a procedure by which the customer who files a claim with the department must show that the retailer will not also file a claim.[5]

---

recover the taxes, citing *Brodbine v. Torrence,* 545 S.W.2d 743 (Tenn. 1977), *Harrison Sheet Steel Co. v. Rosenquist,* 151 N.E.2d 462 (Ill. App. 1958), and *Van Emmerik v. State,* 298 N.W.2d 804 (S.D. 1980). However, the matter before us turns on the legislative history of a Wisconsin statute.

[5]We reject the commission's argument that sec. 77.59(8m), Stats., is inconsistent with the view that a customer may file a tax refund claim with the department. Section 77.59(8m) does not purport to establish an exclusive procedure for filing claims.

809

We conclude that the order of the circuit court must be affirmed insofar as it affirmed the commission's decision that the appellants are not entitled to offsets based on their asserted right to file claims with the department before April 30, 1980. We reverse the order insofar as it affirmed the commission's decision that appellants are not entitled to offsets based on claims which could be filed on and after April 30, 1980. The trial court is directed to reverse the commission's decision in the latter respect and to remand the matter to the commission for further proceedings.

*By the Court.*—Order reversed in part, affirmed in part, and cause remanded with directions to remand the matter to the commission for further proceedings consistent with this opinion.

SUNDBY, J. (concurring in part, *dissenting in part*). The question is: Who "paid" the sales tax within the meaning of sec. 77.59(4), Stats. (1977)? Because I conclude that Dairyland and Badgerland "paid" the tax, I respectfully dissent from the majority opinion insofar as the majority holds that for taxable years prior to April 30, 1980, Dairyland and Badgerland lacked standing to file sales tax refund claims.

When A.O. Smith collected sales taxes from Dairyland and Badgerland and remitted the taxes to the department, it was merely acting as the agent for the state. In reviewing secs. 77.52(1), (2), (3) and (4), Stats., we said that under this statutory scheme, "the retailer or seller is in practical effect an agent of the state for the collection of a tax imposed upon the consumer of tangible goods and the user of certain services." *Midcontinent Broadcasting Co. v. Dept. of Revenue,* 91 Wis. 2d 579, 587, 284 N.W.2d 112, 116 (Ct. App. 1979) *rev'd on other grounds,* 98 Wis. 2d 379, 297 N.W.2d 191 (1980).

The department and the majority read sec. 77.59(4), Stats. (1977) literally. I agree with Judge Learned Hand who said "There is no surer way to misread any document than to read it literally . . .." *Guiseppi v. Walling,* 144 F.2d 608, 624 (2d Cir. 1944) (concurring opinion), *quoted in Massachusetts B. & Ins. Co. v. United States,* 352 U.S. 128, 138 (1956) (Frankfurter, J. dissenting). A literal construction of sec. 77.59(4), Stats. (1977), leads to the result that a purchaser who has overpaid sales tax is dependent upon the seller to recover the overpayment. This construction assumes a degree of altruism in hardheaded business people I am not willing to assume. Further, this literal construction ignores the intent of the statute. The purpose of refund statutes is explained in *Bull v. United States,* 295 U.S. 247, 260 (1935), as follows: "In recognition of the fact that erroneous [tax] determinations and assessments will inevitably occur, the statutes, in a spirit of fairness, invariably afford the taxpayer an opportunity at some stage to have mistakes rectified."

The construction given to sec. 77.59(4), Stats. (1977), by the department and the majority negates this spirit of fairness. The construction is unreasonable. "It is well established . . . that the law favors rational and sensible construction, and that a construction which would produce an unreasonable and absurd result is to be rejected in favor of one producing a reasonable result." *Midcontinent,* 91 Wis. 2d at 591, 284 N.W.2d at 118.

Reduced to basics, the state holds money of Dairyland and Badgerland to which it has no right. It's "[r]etention of the money [is] against morality and conscience," *Bull v. United States,* 295 U.S. at 260. This case is comparable in this respect to *Appel v. Halverson,* 50 Wis. 2d 230, 184 N.W.2d 99 (1971), where the commissioner of revenue raised a procedural defense to

defeat a claim for refund of a sales tax deposit. The court was forced to sustain the defense but its dissatisfaction with the result was stated in terms no less applicable here:

> [W]hen the question of refund first arose, the attorney for the revenue department recommended that the $300 be paid by the department to the lady who is the respondent here. If that advice had then been taken, before court proceedings, litigation expensive to the lady and to the taxpayers of the state could have been avoided. If the recommendation to make the refund is now followed, weight should be given to the equities of the situation, and, with the imperfections of the legal procedures admitted, that is a result devoutly to be wished.

*Id.* at 236, 184 N.W.2d at 103.

Similarly, regardless of any perceived "imperfections" in the refund procedures, returning to Dairyland and Badgerland money which is rightfully theirs is a result devoutly to be wished.