John GRALL, Steven Cridelich and Kimberly Cridelich, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants-Petitioners,

v.

Mark BUGHER, Director of the Wisconsin Department of Revenue, on behalf of themselves and all others similarly situated, Defendants-Respondents.

Supreme Court

*No. 92–2855. Oral argument November 9, 1994.—Decided May 23, 1995.*

(Also reported in 532 N.W.2d 122.)

65

For the plaintiffs-appellants-petitioners there were briefs by *Charles Barnhill, Sarah Siskind* and *Davis, Miner, Barnhill & Galland,* Madison and oral argument by *Charles Barnhill.*

For the defendants-respondents the cause was argued by *Gerald S. Wilcox,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

WILLIAM A. BABLITCH, J.  John Grall, Steven Cridelich and Kimberly Cridelich (taxpayers) sued Mark Bugher in his official capacity as Director of the Wisconsin Department of Revenue (Department) claiming that the "manufacturer's rebate" they received in connection with their new automobile purchases should not have been subject to the five percent sales tax. They sought a refund together with injunctive and declaratory relief under 42 U.S.C. sec. 1983.

At the time the taxpayers filed their complaint, February 28, 1992, sec. 77.59(4), Stats., read in relevant part as follows:

**(4)** Except as provided in sub. (3m), at any time within 4 years after the due date of a person's corresponding Wisconsin income or franchise tax return or, if exempt, within 4 years of the 15th day of the 4th month of the year following the close of the calendar or fiscal year for which that person files a claim, that person may, unless a determination by the department by office or field audit has been made, file with the department a claim for refund of taxes *paid to the department by that person.. . . .* (Emphasis added.)

Under this version of sec. 77.59(4), the taxpayers could not file a claim for a refund because they were not the parties who paid the taxes to the State as required by the statute. *See also Dairyland Harvestore v. DOR,* 151 Wis. 2d 799, 805–06, 447 N.W.2d 56 (Ct. App. 1989) (construing sec. 77.59(4), 1977, a similar version of the statute).

Since the taxpayers and the Department filed their briefs to this court, however, the statute was amended. On September 1, 1994, 1993 Wis. Act 437 § 159 came into effect which authorizes those taxpayers with claims of at least $50 to file for a refund. The statute provides:

**(4)(a)** Except as provided in sub. (3m), at any time within 4 years after the due date, or in the case of buyers the unextended due date, of a person's corresponding Wisconsin income or franchise tax return or, if exempt, within 4 years of the 15th day of the 4th month of the year following the close of the calendar or fiscal year for which that person files a claim, that person may, . . . file with the department a claim for refund of taxes paid to the department by that person. *If the amount of the claim is at least $50 or if either the seller has ceased doing business, the buyer is being field audited or the seller may no*

*longer file a claim, the buyer may, within the time period under this subsection, file a claim with the department for a refund of the taxes paid to the seller.* (Emphasis added.)

According to this version of the statute, the taxpayers have the ability to file for a refund of sales taxes of at least $50 paid after December 31, 1989 (within four years of April 15th the year after the taxes are paid).

The complaint filed by the taxpayers does not indicate the amount of the taxpayers' claims nor the dates on which the taxpayers' claims accrued. This presents two problems: (1) it does not allow us to determine whether the taxpayers have a remedy under sec. 77.59(4), Stats. (1993–94); and (2) it presents new issues with regard to those taxpayers, if any, with claims less than $50. Accordingly, we remand to the circuit court to allow the taxpayers to amend their complaint in light of the 1993–94 version of sec. 77.59(4), and direct the circuit court to hold further proceedings accordingly.

*By the Court.*—The decision of the court of appeals is reversed and cause remanded with directions.